## MACK ENGINEERING & SUPPLY CO. v. UNITED STATES.

(District Court, S. D. New York.   October 9, 1922.)

United States ⭐125—Libel for supplies furnished vessels must be filed while they are employed as merchant vessels.

> The language of Suits in Admiralty Act, § 2, permitting a libel for supplies furnished to vessels owned by the United States, "provided that such vessel is employed as a merchant vessel," is clear, and requires the vessel to be so employed at the time the libel was filed, even though there may be no reason for such requirement; it being insufficient that the vessel was so employed when supplies were furnished.

In Admiralty. Libel by the Mack Engineering & Supply Company against the United States. On respondent's exceptions to the libel, which was against three ships owned by the United States and for supplies furnished, on the ground that it did not allege that at the time of its filing each ship was "employed as a merchant vessel" in the language of Suits in Admiralty Act, § 2. Exceptions sustained.

Sur respondent's exceptions to a libel in the admiralty. The libel, which was against three ships owned by the United States and for supplies furnished, did not allege that at the time of its filing these ships were "employed as a merchant vessel," in the language of section 2 of the Suits in Admiralty Act, c. 95, 41 Stat. 525.

Walter Schaffner, of New York City, for exceptions.
Russell T. Mount, of New York City, opposed.

LEARNED HAND, District Judge. The exception seems to me well taken. The language of section 2 is not "provided that such vessel was at the time when the lien or obligation arose employed as a merchant vessel," but "provided that such vessel is employed," etc.

Section 9 of the act of 1916 (39 Stat. 730, c. 451; Comp. St. § 8146e) was certainly drawn with that intent; there the language was, "such vessels, while employed solely as merchant vessels shall be subject," etc. One can see why this should have been the case under that act, because it might well have been the purpose of Congress not to allow the arrest of its ships when withdrawn from the mercantile marine, even for their torts or defaults while they had been a part of it. Certainly that was the case.

Under the act of 1920 (41 Stat. 525) no such consideration applies, because the ships are exempt from arrest in any event, and I must own that it is not altogether apparent to me why the United States should refuse to litigate claims in its courts after its ships have been withdrawn. However, the language of the statute does not seem to me open to any doubt; the proviso certainly refers to the time of filing of the libel, and not to the time when the wrong occurred. I should have to make over the statute, were I to refer it to any other time than that so clearly defined.

Moreover, if one is to indulge in any speculation as to the possible purposes of the statute, it is only fair to remember that the situation

⭐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

may change after a ship has been laid up. Many, perhaps all, of such ships are under private charter, and, while they remain in the service, the United States may have remedies over against the charterer under the fifty-sixth rule, which would in effect altogether exempt it from liability. True, such rights would not abate because the ship had been redelivered by the charterer, but it is one thing to have a claim against the charterer after the ship has gone out of commission and another while the mutual accounts are still alive. This consideration does not, of course, provide for the case where the ship is off one charter and on another, and it is at best only a guess as to some possible motive. As I have said, it is, strictly speaking, irrelevant, because the language is clear. It is enough that the same intent is carried over from the act of 1916, even though the occasion for it be past. For some reason, on which I have no right to pass, the right to sue was limited to the period during which the ship continued to be employed as a merchantman. When withdrawn, libelants must look to some other remedy, if there be any, for her offenses.

The exception is sustained. The other exceptions were disposed of at the argument.