## BASHINSKY COTTON CO., Inc., v. UNITED STATES.

(District Court, S. D. New York. January 4, 1923.)

**Admiralty ⬅26—Suits in Admiralty Act allows suit in personam.**

Suits in Admiralty Act, in view of sections 3, 6 (Comp. St. Ann. Supp. 1923, §§ 1251¼b, 1251¼e), notwithstanding history in Congress, *held* not limited to actions in rem, but to contemplate action in personam against the government.

In Admiralty. Libel by the Bashinsky Cotton Company, Inc., against the United States. Exceptions to libel overruled.

Duncan & Mount, of New York City, for libelant.

William Hayward, U. S. Atty., of New York City.

MACK, Circuit Judge. The exceptions raise the question whether or not, under the Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, §§ 1251¼-1251¼l), a suit in personam can be maintained against the government. Section 3 of that act (U. S. Comp. St. Ann. Supp. 1923, § 1251¼b) provides:

"If the libelant so elects in his libel the suit may proceed in accordance with the principles of libels in rem wherever it shall appear that had the vessel or cargo been privately owned and possessed a libel in rem might have been maintained. *The election so to proceed shall not preclude the libelant in any proper case from seeking relief in personam in the same suit."*

Section 6 (Comp. St. Ann. Supp. 1923, § 1251¼e) further provides:

"That the United States or such corporation shall be entitled to the benefits of all exemptions and of all limitations of liability accorded by law to the owners, charterers, operators, or agents of vessels."

It is difficult, in view of the wording of these sections, fairly to construe the act as limited to actions in rem. The sections above quoted would be almost meaningless, if actions in personam were not contemplated. True, in the report of the House Committee of the Judiciary, on the Suits in Admiralty Act, it was stated that "the object of this bill is not to add to the liability of the government, but to prevent the seizure and detention of our ships so as to eliminate this unnecessary loss."

While the main purpose of Congress may have been to alter the method of procedure with respect of a previously recognized liability, it would be sheer fiction to assume that Congress was influenced by the fact that, technically, the previously recognized liability was in rem only. The act, fairly and organically construed, in my judgment, embraces actions in personam as well as in rem.

The action is for breach of contract, not for a tort, in failing properly to stow the cargo. Exceptions overruled.