Campbell, Chief Justice,
delivered the opinion of the court:
The defendant’s demurrer to the petition presents a question of jurisdiction, which it states substantially as follows: Congress by the suits in admiralty act, approved March 9, 1920, 41 Stat. 525, has provided an exclusive remedy in the District Courts of the United States for the presentation of claims arising out of the operation of Government-owned vessels in the merchant service, and, therefore, if the plaintiff has a remedy under the facts stated in the petition the same can not be asserted in the Court of Claims. Other grounds of demurrer are stated.
The petition alleges that the plaintiff is a corporation under; the British Government; that the United States was the owner of the steamship Balosaro when the bill of lading herein mentioned was issued and when the petition was filed; that the vessel was being operated as a merchant vessel and as a commerce carrier for hire. It is then alleged that in March, 1919, at a port in Venezuela, the plaintiff shipped certain wet salted hides, its property, on the steamship Balo-saro to be transported to Havre, France, and received bills of lading therefor signed by G. Johnson, master of said steamship; that in and by the bills of lading the master acknowledged receipt of the hides in apparent good order and condition, to be carried to Havre and there delivered, in like good order and condition, to a designated corporation, alleged to have been the plaintiff’s sales agent, and that “ by reason thereof the United States became bound to carry and deliver the plaintiff’s goods in accordance with the terms of the bills of lading,” copies of. which are annexed to the petition.
It appears that the hides were carried by the steamship and delivered at the port of Havre to an agent of the consignee and of the plaintiff on or about September 2,1919, and the freight thereon was paid; that they were not delivered in the same good order and condition as when shipped, but, on the contrary, were delivered badly damaged by heat and leakage from casks of rum, through the improper stowage, fault, and negligence of the steamship Balosaro, its owners, agents, and servants.
*78 It further appears from the petition that proceedings were instituted at Havre in a Court of Admiralty against G. Johnson, master of a.nd as representing the steamship, which, in regular course of the proceedings, was attached and seized by judicial process issuing out of the Court of Admiralty, and that the master intervened on behalf of the steamship and defended the suit. Thereafter “ the court in the said proceedings adjudged the defendant responsible ” for the damage to the skins and entered final judgment in favor of plaintiff’s said agent, “ and against the defendant, the master of the steamship Balosaro,” for 1,769,543 francs 75 centimes, adjudged to be the amount of plaintiff’s damages. These proceedings, it is alleged, were in the nature of a suit in rem, that the judgment was binding on the parties, the vessel and its owners, and the judgment is stated to be res judicata or to constitute conclusive or nonrebuttal evidence of the fact of liability of the vessel and her owners for the amount of the damages.
It is alleged finally that “ by reason of the premises ” the plaintiff is entitled to recover from the United States the damages aforesaid, “ which in currency of the United States amount to $216,061.50,” besides interest.
While the petition avers that the ownership of the steamship was in the United States it fails to state that the Government was operating the vessel and that the contract of affreightment was duly authorized. The bills of lading appear to be those of the Pacat Steamship Corporation, though they are signed by the master of the vessel.
The jurisdiction of the Court of Claims of actions based upon contract, express or implied, is conferred by section 145 of the Judicial Code, and to be binding upon the United States it must appear that the contract was made by some one authorized to make it. The Government can be sued only as it has consented to be sued and in the tribunal in which it has authorized suit. It may prescribe the terms upon which suit may be brought, and a party seeking relief is held to have acquiesced in such terms. McElrath case, 102 U. S. 426, 440.
*79 We are of opinion that the action set forth in the petition, if a canse of action be stated, can only be sustained because of the provisions of section 9 of the shipping act, 39 Stat. 728. By that act “ vessels while employed solely as merchant vessels shall be subject to all laws, regulations, and liabilities governing merchant vessels,” whether owned wholly or in part by the United States, or it has a lien on or other interest therein. But thus subjecting the vessel to liability is quite different from declaring that the Government subjects itself to suits in personam growing out of the operation or control of merchant vessels upon the high seas and at different ports of the world; and until the shipping act was passed vessels owned and operated by the Government were not subject to the laws governing merchant vessels. The provisions of the Tucker Act (sec. 145 of the Judicial Code) relative to suits in the Court of Claims upon claims in respect of which the party would be entitled to redress against the United States “ either in a court of law, equity, or admiralty, if the United States were suable” authorize only money judgments or money decrees — the redress “ merely being so extended as to include claims for money arising out of equitable and maritime as well as legal demands.” Jones' Case, 131 U. S. 1, 18. See also Milliken Imprinting Co. Case, 202 U. S. 168. The subjecting by the terms of the shipping act of its ships, while employed solely as merchant vessels, to arrest or seizure (The Lake Monroe, 250 U. S. 246) led to embarrassment to the Government, which was sought to be relieved by the suits in admiralty act, approved March 9,1920,41 Stat. 525. Blamberg Bros. v. United States, 260 U. S. 452, decided January 2, 1923. This act foi'bids the seizure of Government-owned vessels by judicial process and substitutes a libel in personam for the libel in rem which the shipping act had authorized. Unquestionably the suits thus authorized must be brought in a district court, the language of section 2 being: “ Such suits shall be brought in the District Court of the United States ” for the specified district. It seems clear that Congress intended that suits which could be maintained only because authorized by section 9 of the shipping act should be brought and maintained in accordance with the suits in admiralty act. See *80 Pfitsch Case, 256 U. S. 547. It deals comprehensively with the entire subject matter, and in the absence of the express repealing clause contained in section 13 would impliedly repeal inconsistent provisions in other statutes. Tynen Case, 11 Wall. 88. But section 13 provides “ That the provisions of all other acts inconsistent herewith are hereby repealed.”
As above stated, the district courts are given jurisdiction; the limitation of time for bringing actions accruing after the enactment is two years; appeals lie to the circuit courts of appeal; the judgments bear interest, and provision is made for their payment. When the libelant elects to proceed in accordance with the principles of libel in rem, that course may be taken, but the libelant may seek relief in personam, in the same suit. The power to hear and determine given to the district courts by the act is not limited in amount.
Suits upon contracts against the Government in the Court of Claims, or in district courts exercising their concurrent jurisdiction with this court, may be brought within six years from the accrual of the cause of action; appeals lie directly to the Supreme Court; the judgments are not paid until the Congress makes appropriation therefor; the concurrent jurisdiction of the district courts is limited to claims not exceeding $10,000 in amount.
There is a different field of operation for the two enactments. We do not mean to say that this court is ousted of its jurisdiction by reason of the suits in admiralty act in cases where it appears there was a contract with the United States made by some one authorized to make it and which are brought by actions ex contractu under section 145 of the Judicial Code.
The petition does not state a cause of action of which this court has cognizance, and it should be dismissed for want of jurisdiction. And it is so ordered.[1]
Giíaham, Judge; Hat, Judge; DowNey, Judge,, and Booth, Judge, concur.

 On March. 26, 1923, the court filed the following order: “ Plaintiff have leave to file amended petition, without prejudice* however, to any motion the Government may make under the provisions of section 154, Judicial Code."