## THE AWENSDAW.

### BENSAUDE & CO. v. UNITED STATES.

(District Court, E. D. South Carolina. February 8, 1923.)

**United States ⊂⇒140—Libel against United States for supplies furnished vessel must be filed while vessel is "employed as merchant vessel," and allege that it is so employed.**

Construed strictly, as it must be, Act March 9, 1920, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), providing that libel may be brought against the United States, on account of its vessel, "provided such vessel is employed as a merchant vessel," requires vessel to be so employed at the time of filing of libel, and libel, to give court jurisdiction, must state that it is so employed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employed.]

In Admiralty. Libel by Bensaude & Co. against the United States, as owner of the steamship Awensdaw (now the steamship Cubwood). On exception to libel. Exception sustained, and libel dismissed.

Alfred M. Huger, of Charleston, S. C., for libelant.

Glen R. Snider, of New York City, for the United States.

SMITH, District Judge. A libel was filed in this case against the United States of America on December 19, 1922. This libel was filed under the term of the Act of March 9, 1920 (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l), to obtain a decree against the United States for $1,704.17, as due to a materialman for supplies and other necessaries furnished to the steamship Awensdaw whilst it was in the ownership and possession of the United States.

It appears upon the face of the libel that, since the incurring of the liability claimed for the furnishing of those supplies and necessaries in January, 1921, the steamship Awensdaw was sold by the United States to a private corporation called Clinchfield Navigation Corporation, which subsequently sold the vessel to other parties, the name of the vessel being changed to that of Cubwood, and that some time in the year 1922, whilst in the ownership and possession of these last vendees, the vessel was damaged by fire, and has been abandoned and is now lying in the harbor of Charleston.

The United States has filed an exception to this libel, upon the ground, among others, that, in order for this court to have jurisdiction of the proceedings under the Act of March 9, 1920, it must clearly appear from the libel and be therein alleged that, at the time of the filing of the libel, the vessel was being operated as a merchant vessel.

By the terms of the second section of the Act of March 9, 1920 (Comp. St. Ann. Supp. 1923, § 1251¼a), it is provided that proceedings of this character in admiralty may be brought against the United States or against any corporation in which the United States or its representatives shall own the entire outstanding capital stock, provided that such vessel is employed as a merchant vessel, or is a tugboat operated by such corporation. Inasmuch as the provisions of this statute should be construed strictly, it being an act whereby the United States subjects itself to the jurisdiction of the court, the question arises whether or not it is essential, in order that any such proceeding may be brought against the United States, that the vessel through which the liability originated is employed as a merchant vessel at the time the libel was filed.

Must it be so employed at the time the libel was filed, or is the statute to be construed as meaning only that the vessel must have been so employed at the time of the accrual of the liability?

The position of the libelant is that the reason of the case is only that the vessel

must have been employed as a merchant vessel at the time of accrual of the liability, and that to make it a condition of enforcing the liability that it should continue to be so employed would be to largely impair the beneficial intention of the statute.

The section is very ambiguous, for it is a little uncertain whether or not the clause should be read that the vessel through which the liability accrued is employed as a merchant vessel by a corporation in which the United States owns the entire stock or is a tugboat operated by such corporation. By section 4 of the same act (Comp. St. Ann. Supp. 1923, § 1251¼c), it is provided that, if a privately owned vessel, not in the possession of the United States, or of such corporation, is arrested or attached upon any such cause of action, in that case the United States may obtain the release of the vessel without bond, or stipulation therefor, upon its statement to the court that it desires such release and assumes liability for the satisfaction of any decree obtained by the libelant in the cause.

Comparing these two sections together, it would appear not to be without plausibility that section 2 provides for the bringing of the proceedings only in the cases in which the United States or its corporation are still in possession of the vessel, and section 4 provides for a case where the vessel may have passed out of their hands by transfer to private individuals, and that in the latter case the proceeding lies in the first instance against the United States.

Judge Hand of the Southern district of New York has lately decided (October 9, 1922), in the case of Mack Engineering & Supply Co. v. United States of America (D. C.) 291 F. 713, 1923 A. M. C. 197, that the libel, in order to give jurisdiction to the court, must allege and show that the vessel at the time of the filing of the libel is employed as a merchant vessel. He does not consider the question whether or not it must also still be in the possession of the United States.

On the whole, and considering that the statute should be construed strictly, it is the opinion of the court that it would be wiser to follow the reasoning of Judge Hand, and hold that, in order for the court to have jurisdiction under the terms of the act, the libel must allege that the vessel is employed as a merchant vessel at the time of the filing of the libel.

It is therefore ordered and adjudged that the exception on this point be sustained, and that the libel be dismissed.