## THE CAPE FEAR.

## W. R. GRACE & CO. v. UNITED STATES.

(District Court, S. D. New York.    April 24, 1923.)

**I. Admiralty ⚌26—Suit purely in personam against United States not authorized by Suits in Admiralty Act.**

Suits in Admiralty Act, § 3 (Comp. St. Ann. Supp. 1923, § 1251¼b), does not authorize suits purely in personam against the United States, but merely allows relief in personam in connection with suit in lieu of libel in rem.

**2. United States ⚌125—Remedy for imposition on government of contract liability, not sounding in tort, provided by Tucker Act.**

The Tucker Act provides a remedy for imposition on the government of contract liability not sounding in tort.

In Admiralty.    Libel by W. R. Grace & Co. against the United States, as the owner of the steamship Cape Fear.    Exceptions to libel sustained.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Cletus Keating, of New York City, of counsel), for libelant.

William Hayward, of New York City, (Burlingham, Veeder, Masten & Bearey, James A. Hatch, Ray Rood Allen, and William J. Dean, all of New York City, of counsel), for the United States.

KNOX, District Judge.    This libel, filed May 25, 1922, is against the United States in personam.    Libelant is a corporation of Connecticut, having its principal place of business within this district, and it alleges as follows:

That the government is, and at all times mentioned in the libel was, the owner of the steamship Cape Fear, employed as a merchant vessel, which is now, or during the pendency of this action will be, within this district.    On April 9, 1920, the Nitrate Agencies, Limited, shipped on board the Cape Fear, then lying at Iquique, 37,411 bags of nitrate of soda, in good order and condition, to be carried to Martinique, and there to be delivered in like order to libelant, in consideration of a freight charge agreed upon and paid, and pursuant to the terms of a valid bill of lading.    Thereafter the ship arrived at Martinique and made a short delivery of the cargo, whereby libelant was damaged in the sum of $11,000.    Recovery of this sum is sought, and libelant elects to have the suit proceed in accordance with the principles applicable to libels in rem, pursuant to the Act of Congress of March 9,

1920 (41 Stat. 525 [Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l]), the Suits in Admiralty Act.

[1] Respondent's exceptions are directed to the alleged lack of jurisdiction of this court, in that the Cape Fear sank and became a total loss in Narragansett Bay upon October 29, 1920, and therefore was not in any port of the United States, or her possessions, and was not employed at the time of suit as a merchant vessel.    In view of the decision of the Supreme Court upon January 2, 1923, in Blamberg v. United States, 260 U. S. 452, 43 S. Ct. 179, 67 L. Ed. 346, and the ruling of Judge Learned Hand in Mack Engineering & Supply Co. v. United States (D. C.) 291 F. 713, upon October 9, 1922, to the effect that a suit in personam against the United States, as a substitute for a libel in rem, will not lie when the government vessel, whose fault is alleged, is not in a port of the United States, or of one of her possessions, libelant consents that all allegations sounding in rem may be stricken from the pleading.

It is insisted, however, that under the act libelant is entitled here and now to proceed against the United States upon its personal liability, as contained in the bill of lading signed by the master of the Cape Fear.    The argument is that section 3 of the act (Comp. St. Ann. Supp. 1923, § 1251¼b), containing the words that "election so to proceed shall not preclude the libelant in any proper case from seeking relief in personam in the same suit," means that this suit is authorized, irrespective of whether an action in rem would lie against a government vessel, if it were privately owned.    By way of support to such contention, I am referred to decisions made in this court in the cases of Galban Lobo & Co., S. A. v. United States, 285 F. 665, June 26, 1922, and Bashinsky Cotton Co., Inc., v. United States, 8 F.(2d) 79, January 4, 1923, and to the ruling had in the Eastern District of Virginia in Eastern Transportation Co. and Duke v. United States, 283 F. 1015.

In the first of such decisions, Judge Augustus N. Hand said, by way of dictum, that he thought the above-quoted words of the act indicate that an action in personam would lie against the United States arising out of its operation of merchant vessels.    Judge Mack, who decided the Bashinsky Cotton Co. Case, said that, "while the main purpose of Congress may have been to alter the method of procedure with respect to a previously recognized liability, it would be sheer fiction

to assume that Congress was influenced by the fact that, technically, the previously recognized liability was in rem only. The act, fairly and organically construed, in my judgment, embraces actions in personam as well as in rem."

And in the Eastern Transportation Case, supra, Judge Groner, while not definitely passing upon the question of whether the Suits in Admiralty Act merely substituted an action in personam for one in rem, when the vessel had become a total loss, declined to dismiss the libel upon motion.

Faced with the decisions last referred to, it is with diffidence that I record my judgment that the exceptions to the instant libel, treating it as one sounding only in personam, should be sustained. But, as I read the portion of section 3 of the act relating to actions in personam, it permits such relief to be sought only as and when the same might be asked against a private respondent as a part of or in conjunction with a suit in rem of which the court has jurisdiction. As respondent expresses the thought, the quoted words of the statute merely declare that the same principles of law and practice shall apply in authorized suits against the United States as apply in suits against private owners.

In this behalf it is suggested that the admiralty sometimes applies a different rule according as suit is brought in rem or in personam; for example, in a collision case, where compulsory pilotage is a defense to a suit in personam, but not to a suit in rem. such would seem to be the proper construction from what transpired upon the hearings had upon the bill (hearings before House Judiciary Committee in H. R. 7124, p. 16), and from the changes made in the bill as originally proposed. It was first proposed that the District Court would be vested with jurisdiction of a suit in admiralty against the United States "for any cause of action of which said courts ordinarily have cognizance in their admiralty and maritime jurisdictions * * * in connection with the possession, operation or ownership by the United States * * * of any merchant vessel * * * where, if the United States were suable as a private party a suit in personam could be maintained, or where, if the vessel were privately owned and possessed a libel in rem could be maintained * * * at the time of the commencement of suit." Hearings before the Committee on the Judiciary H. R. 66th Congress, 1st Session, on H. R. 7124, August 26, 1919, pp. 11, 12.

8 F.(2d)—6

Manifestly the language here used is much more comprehensive than that relating to suits in personam, as contained in the statute as passed. The change in phraseology means something, and in my opinion it is that a suit such as the present may not be maintained under the act.

[2] Furthermore, it would appear that, so far as concerns the imposition of a contract liability upon the government, and which does not sound in tort, the Tucker Act (24 Stat. 505) had already provided a remedy (The Isonomia [C. C. A.] 285 F. 516), and further legislation upon the subject was unnecessary.

From the foregoing, I conclude that, the Cape Fear having been lost, the court has no jurisdiction of this suit, and the exceptions will be sustained.