## BENNETT DAY IMPORTING CO. v. UNITED STATES et al.

(District Court, S. D. New York. May Term, 1923.)

1. United States ⚖⇒136—Suit against United States may be begun by service of summons and complaint.

Suit against the United States may be begun by service of summons and complaint, instead of petition.

2. United States ⚖⇒125—May not be sued with another, notwithstanding Conformity Act.

Notwithstanding Civil Practice Act N. Y. §§ 211, 213, as to joining defendants, and Conformity Act (Comp. St. §§ 1537, 1539, 1540), United States may not be sued with another, as not to reject the state statute would be productive of confusion, unwisely incumbering administration of the law.

At Law. Actions by the Bennett Day Importing Company against the United States and another. Dismissed conditionally.

Herbert Goldmark, of New York City, for plaintiff.

William Hayward, U. S. Atty. and Benn Barber and A. H. Stetson, Sp. Assts. U. S. Atty., all of New York City, for defendants.

KNOX, District Judge. The complaints in the above-entitled actions, with the exception of the amount claimed as damages for the alleged defaults of the defendants, are substantially the same. In each case the amount sought to be recovered is less than $10,000. The alleged liability of the United States is predicated upon the provisions of the Tucker Act (24 Stat. 505).

The basis of the suits are that plaintiff shipped from Constantinople to New York City, on board the steamship Balsam, owned by the United States, and jointly operated by the United States and C. D. Mallory & Co., Inc., certain quantities of merchandise. It is said that the shipments were made pursuant to an agreement with the defendants, or one of them, that the Balsam would depart from Constantinople and arrive at New York on or before certain specified dates. Performance of such agreement was necessary, in order for plaintiff to have its merchandise available for sale in the Christmas trade of 1921. For reasons specified in the pleadings, the steamer did not arrive within the stipulated time, and for its failure so to do losses were sustained by plaintiff.

One paragraph of each of the complaints is to the effect that plaintiff is in doubt whether the alleged agreement, so far as C. D. Mallory & Co., Inc., is concerned, was made by that defendant on its own behalf, or whether it was made on behalf of the United States, and whether, if made on behalf of the latter, C. D. Mallory & Co., Inc., had authority to act as its agent. Plaintiff is uncertain if under these circumstances it is entitled to redress from both defendants, or from only one of them. To the end that this feature of the case may be determined, both defendants are sued.

The United States moves for a dismissal of each complaint upon the grounds that: (a) The court has not jurisdiction of the subject of the action; and (b) the court does not have jurisdiction over the person of the United States. It is also said that the United States, under the Tucker Act,

may not be joined with another defendant, and that, if any liability rests upon the United States, it should be imposed pursuant to the provisions of the Suits in Admiralty Act of March 9, 1920 (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l), and not under the Tucker Act.

[1] With respect to this last contention I am not in accord, having held to the contrary upon April 24, 1923, in W. R. Grace & Co. v. United States, 8 F.(2d) 80. In so far as the government takes the position that the suits under consideration were begun by the service of summons and complaint, instead of by petition, it is sufficient to say that I am in accord with the views expressed upon this subject by Judge Dickinson in Mill Creek & Minehill Co. v. United States (D. C.) 246 F. 1013.

[2] The suggestion that the government may not be made a codefendant with C. D. Mallory & Co., Inc., appeals to me as having substantial merit. It is true that, under section 213 of the Civil Practice Act of this state, a plaintiff, where he is in doubt as to the person from whom he is entitled to redress, "may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

Section 211 of the same act provides: "All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities."

Plaintiffs' argument is that under the federal Conformity Act (Comp. St. §§ 1537, 1539, 1540) this court can apply the foregoing provisions of the state statute to the instant suit. In my opinion this cannot be done, even without reference to section 154 of the federal Judicial Code (Comp. St. § 1145), which, under the circumstances therein described, forbids a plaintiff to prosecute a suit in the Court of Claims during the pendency in another court by the same plaintiff of a suit against a person who acted or professed to act under the authority of the United States. Following the decision of the Supreme Court in Indianapolis R. R. v. Horst, 93 U. S. 301, 23 L. Ed. 898, this court, notwithstanding the Conformity Act, may reject "any subordinate provision in * * * state statutes which * * * would unwisely incumber the administration of the law, or tend to defeat the ends of justice. * * *"

Not to reject the state statute in this instance would, to say the least, be so productive of confusion as to unwisely incumber the administration of the law; for example, as to the claim made against the United States, the court, under the Tucker Act, would be required to be the trier, not only of the law, but of the facts as well. As to the claims of the plaintiff against C. D. Mallory & Co., Inc., a jury would be called upon to find the facts. If the proofs should indicate a joint liability of the United States and C. D. Mallory & Co., Inc., then the court upon the evidence might easily be in the position of reaching one conclusion as to the issues it should decide, while the jury, upon the same evidence, might reach a different and contradictory result as to the issues submitted to it. The impracticability of such a situation is obvious, and, as these suits are now framed, I see no way in which it can be overcome.

It follows that, if plaintiff wishes to collect from the government for its alleged breaches of contract, the effort so to do must be directed against it alone. I will dismiss the complaint against the United States, unless plaintiff within 20 days elects to voluntarily dismiss the same against C. D. Mallory & Co. and to reframe the pleadings, so as to allege causes of action only as against the sovereign.