## WILLARD SUTHERLAND & CO., Inc., v. UNITED STATES.

(District Court, S. D. New York. May 19, 1924.)

**1. Admiralty ⬤═▷26—Where libelant elected to proceed under principles applicable in rem, failure to allege and prove vessel was within territorial jurisdiction of court was fatal.**

Under Supreme Court rule 12 in admiralty, authorizing libels in rem or in personam for supplies, repairs, or necessaries furnished vessels, where libelant in suit for coal furnished vessel specifically elected to have "suit proceed in accordance with the principles applicable to libels in rem," *held*, failure to allege and prove vessel was within territorial jurisdiction of court was fatal and libel dismissible, notwithstanding Act March 9, 1920, § 3 (Comp. St. Ann. Supp. 1923, § 1251¼b), providing that election to proceed in rem "a proper case" shall not preclude libelant from seeking relief in personam, and notwithstanding rule 13, not in effect at time of commencement of suit.

**2. Admiralty ⬤═▷122—Failure to raise objection as to jurisdiction before trial held to preclude recovery of costs.**

In libel which libelant elected to have proceed as in rem, failure of respondent to raise objection, before trial, that vessel was not alleged to be within territorial jurisdiction of

court, *held* to preclude recovery of costs on dismissal.

In Admiralty. Libel by Willard Sutherland & Co., Inc., against the United States. Libel dismissed.

Kirlin, Woolsey, Campbell, Hickox & Keating and Cletus Keating, all of New York City, for libelant.

William Hayward, U. S. Atty., of New York City, John R. Stewart, of Watervliet, N. Y., and John Kennedy White, of Buffalo, N. Y., for the United States.

WARD, Circuit Judge. [1] March 1, 1921, a libel was filed to recover from the United States a balance due for coal supplied to the steamer Eastern Mariner June 19, 1920.

Article 3 is as follows: "Third. The libelant elects to have this suit proceed in accordance with the principles applicable to libels in rem pursuant to the act of Congress approved March 9, 1920, entitled 'An act authorizing suits against the United States in admiralty, suits for salvage services, and providing for the release of merchant vessels belonging to the United States from arrest and attachment in foreign jurisdictions, and for other purposes.' "

There was no allegation that the steamer was within the Southern district of New York at the time of suit brought, nor any proof thereof at the trial.

Supreme Court rule 12 in admiralty then in force provided: "Rule XII. In all suits by materialmen for supplies or repairs, or other necessaries, the libelant may proceed against the ship and freight, in rem, or against the master or owner alone, in personam."

The above language of article 3 in a suit brought under admiralty rule 12 can only mean that the libelant elects to sue in rem and not in personam.

October 4, 1921, an amended libel was filed but exactly the same in the above respects.

The United States in its brief, submitted after the trial, took the ground that the court had no jurisdiction because there was no proof that the steamer was within the Southern district of New York at the time of suit brought. If not, as no suit in rem could have been maintained against a privately owned vessel, no suit could be maintained against the United States. The Isonomia (C. C. A.) 285 F. 516.

To this the libelant now replies that section 3 of Act March 9, 1920 (Comp. St. Ann. Supp. 1923, § 1251¼b), provides: "Sec. 3. * * * If the libelant so elects in his libel the suit may proceed in accordance with the principles of libels in rem wherever it shall appear that had the vessel or cargo been privately owned and possessed a libel in rem might have been maintained. Election so to proceed shall not preclude the libelant in any proper case from seeking relief in personam in the same suit. * * * "

But this is not "a proper case" for seeking relief in personam in the same suit, because under the Supreme Court rule in force at the time of suit brought, March 1, 1921, such a joinder was forbidden. It is true that the present rule 13 in admiralty does permit such joinder, but it did not take effect until March 7, 1921. It provides: "Rule 13. In all suits for mariners' wages or by materialmen for supplies or repairs or other necessaries, the libelant may proceed in rem against the ship and freight and/or in personam against any party liable."

[2] To construe the libel as proceeding against the United States both on the principles of a libel in rem and of a libel in personam would prejudice the United States materially, because under section 5 of the act (Comp. St. Ann. Supp. 1923, § 1251¼d) suit in personam must be brought within two years after the cause of action arose, to wit, in this case before June 19, 1922. It would amount to bringing into the suit a new claim, which is barred by the express provision of the act. And even if the present rule applied, I think the language used in the libel should be construed as an express election of the libelant to proceed only on the principles of libels in rem. It would have been perfectly easy for it to have stated that it elected to proceed on both the principles. The contrary conclusion in the case of the Awensdaw, 8 F.(2d) 61, 1923 1 A. M. C. 259, seems to me inconsistent with The Isonomia, supra. The libel is dismissed, but without costs, as the objection was not taken until after the trial.