### MARKLE et al. v. UNITED STATES.

(District Court, S. D. Texas, Houston Division. August 1, 1925.)

No. 683.

**United States ☞125, 133—Tucker Act not repealed, nor limitations affected, by Suits in Admiralty Act.**

Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l), a special act devoted to cases in admiralty, does not by implication repeal Tucker Act, a general act conferring jurisdiction on District Courts and the Court of Claims to entertain suits against the United States, with the result of preventing an action at law against the United States for breach of contract; nor does its two-year limitation period affect the time for such an action at law.

At Law. Act by C. N. Markle and others against the United States. Exceptions to petition overruled.

Lockhart, Hughes, Lockhart & Rayzor, of Galveston, Tex., and Fouts & Patterson, of Houston, Tex., for plaintiffs.

Franklin & Blankenbecker and H. M. Holden, U. S. Dist. Atty., all of Houston, Tex., for the United States.

HUTCHESON, District Judge. This suit was filed against the United States for damages arising out of a breach of contract, and is brought at law under the Tucker Act (24 Stat. 505). The defendant excepts to the petition, claiming that the Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l) furnishes the exclusive remedy, and, if the suits can be maintained at common law, it is yet barred by the two-year period prescribed in that act.

On both of these points I find with the plaintiff, and overrule the exceptions. Apart from the fact that, outside of Venezuelan Ex. Co. v. United States, 58 Ct. Cl. 76, reported sub nom. The Balosaro, 1923 A. M. C. 255, such of the inferior courts as have considered the matter have decided it in favor of plaintiff's contention, I think the reasonableness of the matter is all with the plaintiff.

Respondent's argument proceeds upon the theory of implied repeal. It is elementary that an implied repeal rests upon the same foundation as a direct repeal; that is, in the case of direct repeal the words evidence the intention to repeal. In the matter of implied repeal, the intention to repeal is deduced from the fact that the two statutes are so contradictory as to raise the intention that one was to supersede and supplant the other.

No words in the Suits in Admiralty Act attempt directly to repeal the Tucker Act, or any provision of it, and to ground a finding of implied repeal upon the assumption that Congress intended to repeal a general act conferring jurisdiction on the District Courts and the Court of Claims to entertain suits against the United States by a special act devoted to cases in admiralty would, I think, be wholly unreasonable.

The result reached by me finds support in Benedict on Admiralty (5th Ed.) § 274; The Barge Peerless (D. C.) 2 F.(2d) 395, 1923 A. M. C. 236; Bennett Day Importing Co. v. U. S. (D. C.) 8 F.(2d) 83; Willard Sutherland v. United States, 1924 A. M. C. 1578, 8 F.(2d) 358.