CONNERS MARINE CO., Inc., v. PETTER-SON LIGHTERAGE & TOWING CORPORATION.

THE EVERETT FOWLER.

District Court, S. D. New York.
Dec. 4, 1944.

Purdy & Lamb, of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine and J. F. Gerity, both of New York City, of counsel), for respondent.

John F. X. McGohey, U. S. Atty., Vincent A. Catoggio, Sp. Asst. to U. S. Atty., and Edwin H. Friedman, all of New York City, for respondent-impleaded.

MANDELBAUM, District Judge.

Libelant seeks the recovery of damages sustained by its scow, "Everett Fowler" while under charter to the respondent, Petterson Lighterage & Towing Corporation. The respondent, in turn, has impleaded the United States, alleging that it was the latter's negligence that caused the damage. It is conceded that the scow in question was turned over to the respondent in good condition and that it was returned in damaged condition. The damage alleged seems to have resulted from the pounding received by the scow while tied up in New York Harbor during a storm that arose during the 5th or 6th of April, 1944.

▮ The respondent charterer, pursuant to a contract entered into with the United States, loaded the scow with drums of gasoline. On April 4, 1944, the scow was towed to a designated point for unloading, where, pursuant to instructions by a U. S. Army Patrol boat, it was secured to either a stakeboat provided by the government for that purpose or to other barges tied up in the vicinity. The record is inconclusive as to this point, and gives rise to the motion by the United States to dismiss the claim of impleader against it. The claim against the United States is brought in the alternative, either under the Suits in Admiralty Act, § 2, 46 U.S.C.A. § 742, or under the Public Vessels Act, § 1, 46 U.S.C.A. § 781. It does not appear that the Suits in Admiralty Act is applicable in the instant case, since under this Act the "vessel" must be a "merchant vessel" or a "tugboat". Clearly the stakeboat is neither of these and jurisdiction would therefore not attach under the Act. Mack Engineering & Supply Co. v. United States, D.C.S.D.N.Y., 291 F. 713.

▮ It is conceded by the government that the stakeboat is a public vessel under the Public Vessels Act, § 1, 46 U.S.C.A. § 781, but in order to find the United States liable, the evidence must disclose that the stakeboat physically caused the damage to the scow. O'Neal v. United States, D.C., 11 F.2d 869, affirmed, 2 Cir., 11 F.2d 871. The record does not bear out this fact. No proof has been offered to show the exact means of damage, nor is there any exact proof to show where the scow was lying. The pounding of the scow could consistently be attributed to other barges or to vessels other than the stakeboat.

▮ On the 5th of April, when the possibility of damage to the scow by the effect of the storm first became apparent, the Army officials of the port notified the respondent of the fact and suggested the removal of the scow. The respondent requested the government to do so. Whether or not the government undertook to do this work is in dispute, but in any event, it was the respondent that caused the removal of the scow on April 6th after the damage was sustained. I cannot agree with the respondent's contention, in holding the government liable for failure to move the scow, in view of the evidence offered. I cannot find that the government in fact or even impliedly assumed responsibility for the safe-keeping of the scow. The government's motion to dismiss as against it must therefore be granted.

▮ The evidence of delivery by the owner in good condition and the return by

charterer in damaged condition makes out a prima facie case entitling the owner to the benefit of a presumption of fault by the charterer or by those to whom it had entrusted the scow. See Howard v. Dobbins-Trinity Coal Co., Inc., 2 Cir., 1940, 111 F. 2d 571, and cases cited.

In view of the notice of the impending storm admittedly given to the respondent, and it knowing that possible damage might result therefrom, it became incumbent upon the respondent to investigate the condition of the scow and take further precautions for its safe-keeping. The mere calling of the Army officials by the respondent to undertake the duties imposed upon the respondent is insufficient, and I cannot but find the respondent's failure in this respect amounts to negligence.

Accordingly, a decree will be entered for libelant against respondent for the damage sustained by the scow. The matter of the amount shall be referred to a Special Master to hear and report.

The following are the court's findings:

### Findings of Fact

1. The scow "Everett Fowler" was turned over to respondent in good condition and returned in a damaged condition.

2. The damages to the scow were sustained by reason of a pounding received during a storm on the 5th or 6th day of April, 1944.

3. The respondent received sufficient notice of the approaching storm but did nothing to safeguard the scow.

4. The stakeboat is a public vessel.

### Conclusions of Law

1. The Suits in Admiralty Act does not apply for jurisdiction to attach against the United States.

2. There is no evidence that the stakeboat caused the damage to the scow and requires a dismissal of the action against the United States.

3. The respondent was responsible for the safe guarding of the scow.

4. The respondent was negligent in failing to safeguard the scow.

5. The respondent is liable for the damage sustained by the scow.