## ZELLER MARINE CORPORATION v. UNITED STATES.

## THE ZELLER NO. 10.

District Court, S. D. New York.

Feb. 15, 1946.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for libelant.

John F. X. McGohey, U. S. Atty., of New York City (Leo J. Curren, of New York City, of counsel), for respondent.

KENNEDY, District Judge.

This is a libel in personam against the United States of America arising out of the fact that on January 29, 1944, libelant's deck scow Zeller No. 10 was chartered for an indefinite period to the respondent by an oral bare-boat charter, the owner's bargee being supplied. The claim is that on February 7, 1944, Zeller No. 10 was returned to libelant in damaged condition, which was not produced by ordinary wear and tear. Libelant bases its claim upon the Tucker Act, 28 U.S.C.A. § 41, subd. 20.

There is no doubt in my mind that the libelant is entitled to an interlocutory decree. Zeller No. 10 was damaged on February 1, 1944, while lying starboard side to at a bulkhead at Dikeman Street in the Eastern District of New York, in an area controlled by the respondent (the Navy Yard Annex). The bargee was on board, but there was nothing he could do to prevent or diminish the damage. The scow was grinding up against the bulkhead as the result of exceptionally heavy wind and weather and, during all the time she was exposed to these conditions, respondents knew, or should have known, that she was in peril. Although the Navy Yard patrolmen who testified denied that there were any exceptional conditions, or that the scow sustained any damage at her berth, the evidence is abundantly clear that they were mistaken, and they must have known what was going on. I accept the bargee's testimony (he was called by the respondent), on the point that he notified several persons at the Navy Yard Annex that his scow was in trouble. I admit that his testimony is vague, so far as identification of the persons notified is concerned, but the strong likelihood is that he did give warning, and, in view of the restricted character of the area, it is also likely that those who got the warning were government servants. The only real ex-

planation offered by the respondent, to meet libelant's prima facie case, lies in the suggestion that the damage is accounted for by the bargee's negligence. This view of the facts I do not accept.

At the trial, I expressed some doubt whether the Tucker Act, supra, was the appropriate statute in a case like this. Zeller No. 10 was certainly in the possession of the United States and was being operated by or for the United States when she came by her damage. At the time of the commencement of this action, a proceeding in admiralty could have been maintained against a private charterer. One might suppose that libelant, therefore, had a right to recover under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. But, in Mack Engineering & Supply Co. v. United States, D.C.S.D.N.Y.1922, 291 F. 713, Judge Learned Hand interpreted section 2 of the Suits in Admiralty Act to mean that immunity from suit is waived only if the offending vessel is in the employ of the United States at the time of the filing of the libel. He did not understand why the United States refused to litigate claims in its courts after its ships had been withdrawn from service. However, he thought the statutory language was not open to any doubt. I would have thought that the Supreme Court in Eastern Transp. Co. v. United States, 1927, 272 U.S. 675, 47 S.Ct. 289, 71 L.Ed. 472, had either overlooked or dispensed with the requirement under the Suits in Admiralty Act that the offending vessel be in the employ of the United States at the time the libel is filed. In that case, the vessel (the Snug Harbor) was a wreck when the action was commenced, and could hardly be said to be "employed." But since that decision, and very recently in The Everett Fowler, D.C.S.D.N.Y.1944, 60 F.Supp. 960, 961, the Mack Engineering & Supply Co. case was cited as a binding precedent, although on a slightly different ground than that mentioned here.[1] In the case last mentioned, there was an appeal and the Circuit Court of this district permitted a recovery against the United States under the Tucker Act. The Everett Fowler, 2 Cir., 1945, 151 F.2d 662. The court must have impliedly sustained the ruling of the District Court concerning the inapplicability of the Suits in Admiralty Act, for if that statute did apply, then the Tucker Act could not have been invoked. Brady v. Roosevelt S. S. Co., 1943, 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471; United States Shipping Board Emergency Fleet Corp. v. Rosenberg Bros. & Co., 1928, 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531. In a subsequent opinion in The Everett Fowler, 2 Cir., 1945, 152 F.2d 657, the Circuit Court of Appeals pointed out that since the recovery had been allowed under the Tucker Act, costs in the District Court, at least, are under the specific section relating to proceedings under that statute, 28 U.S.C.A. § 258.[2]

Libelant is entitled to a decree and, in the exercise of discretion, I allow costs from the time of joinder of issue (which will include what has actually been incurred for witnesses, and summoning the same, and for fees paid to the clerk of the court).

---

[1] Judge Frank thought a stake boat could not be a merchant vessel in the employ of the United States. He, therefore, applied the Public Vessels Act, 46 U.S.C.A. § 781.

[2] I have discussed, perhaps at unnecessary length, the question of jurisdiction under the Suits in Admiralty Act. In the case at bar there is no doubt of the liability. And it is perfectly true, as Judge Frank said in The Everett Fowler, supra, that too much importance ought not be given to labels. What I am thinking of, however, is that, with the termination of the war, large numbers of "merchant" and "public" vessels will be disposed of by the government. If it is a jurisdictional requirement that the vessel be in the ownership or employ of the United States at the time of the filing of the libel, then the problem which I mention may reach grave proportions, for, while contract claims will be covered by the Tucker Act, tort claims will not. And, so far as I can see, many suitors in maritime tort cases (e. g. seamen) will be completely without remedy against the government, once it ceases to employ the vessel on which the tort occurred. I am, of course, assuming that Public Law 17, 50 U.S.C.A.Appendix, § 1291, being a war measure, will not be applicable much longer.