UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION *v.* ROSENBERG BROTHERS & COMPANY.

SAME *v.* CALIFORNIA WINE ASSOCIATION.

SAME *v.* S. L. JONES & COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

Nos. 119, 120, 121. Argued December 6, 1927.—Decided February 20, 1928.

1. The Suits in Admiralty Act was intended to furnish the exclusive remedy in admiralty against the United States and corporations, such as the Fleet Corporation, of which the United States or its representatives own the entire outstanding capital stock, on all maritime causes of action arising (since April 6, 1917) out of the possession or operation of merchant vessels. And nothing in its legislative history indicates a different purpose. P. 212.

2. As the libels in these cases were not brought against the Fleet Corporation within the period prescribed by § 5, they were barred. P. 214.

3. The statute of limitations having been sufficiently pleaded in exceptions to the libels, it was not necessary to plead it in the answers. P. 214.

4. Whether, in addition to furnishing an exclusive remedy in admiralty, the Act also prevents resort to any concurrent remedies against the United States or the corporation on like causes of action in the Court of Claims or in courts of law, is a question not presented by these cases and upon which no opinion is expressed. P. 214.

12 F. (2d) 721, reversed.

CERTIORARI, 273 U. S. 682, 683, to decrees in admiralty rendered by the Circuit Court of Appeals, reversing decrees of the District Court, 295 Fed. 372; 7 F. (2d) 893, in three consolidated cases in admiralty by libels *in personam,* brought against the Fleet Corporation by the present respondents to recover the value of goods shipped

by them on a vessel owned by the United States and operated by the Corporation, which was wrecked and lost after an alleged deviation from the agreed voyage.

*Mr. Chauncey G. Parker,* General Counsel, U. S. Shipping Board, for petitioner.  On the brief were also the *Solicitor General* and *Messrs. George R. Farnum,* Assistant Attorney General, *Arthur M. Boal,* Admiralty Counsel, *F. R. Conway,* Assistant Admiralty Counsel, of the Shipping Board, *Clinton M. Hester,* and *John T. Fowler, Jr.*

Since the *West Aleta* was owned by the United States; was acquired by authority of the Act of June 15, 1917 (c. 29, 40 Stat. 182), and was managed and operated by the Fleet Corporation by direction of the President pursuant to the same Act, when the claims in question arose, the United States was liable for these claims.

The same remedies are given against the Fleet Corporation as against the United States.  The provisions of the Suits in Admiralty Act are exclusive, and bar all actions such as these which were not commenced within the period therein described.

On the status of the Fleet Corporation as an agency of the United States, see *The Lake Monroe,* 250 U. S. 246. Cf. *U. S. Grain Corp.* v. *Phillips,* 261 U. S. 106; *United States* v. *Walter,* 263 U. S. 15; *King County* v. *Fleet Corporation,* 282 Fed. 950; *United States* v. *Coghlan,* 261 Fed. 425; *Clallam County* v. *U. S. Spruce Corp.,* 263 U. S. 341.

The remedy provided by the Suits in Admiralty Act is available in all cases *ex delicto* as well as *ex contractu;* in all cases *in personam* as well as *in rem, Eastern Transportation Co.* v. *United States,* 272 U. S. 675; whether such operation is in the government's " sovereign capacity as a war measure," as in the case of the *West Aleta,* or " for the purpose of advancing the trade of its people,"

*The Pesaro,* 271 U. S. 562, " for the proper growth of its foreign and domestic commerce,", Merchant Marine Act, 1920, c. 250 § 1, 41 Stat. 988. In either case, the vessels " are public ships in the same sense that warships are." *The Pesaro, supra.*

The provision for payment of decrees against the corporation with public money, stamps as public every activity that may form the basis of any such decree. *Chesapeake & Delaware Canal Co.* v. *United States,* 250 U. S. 123; *Van Brocklin* v. *Tennessee,* 117 U. S. 151; *United States* v. *Insley,* 130 U. S. 263.

No other system is provided. Since the only possible recourse is on the public treasury, it is essential in order that the officers of the Treasury may be seasonably advised as to the demands on the Treasury, that the system be exclusive, and that a uniform period of limitation be applied. *Nichols* v. *United States,* 7 Wall. 122; *Arnson* v. *Murphy,* 109 U. S. 238; *Nassau Smelting Works* v. *United States,* 266 U. S. 101; *United States* v. *Pfitsch,* 256 U. S. 547; *Smith* v. *Reeves,* 178 U. S. 436; *United States* v. *Forbes,* 278 Fed. 331.

Since § 13 of that Act expressly repealed " the provisions of all other Acts inconsistent herewith," seemingly it alone may be looked to to supply the remedy and to confer the jurisdiction. *U. S. ex rel. Skinner & Eddy* v. *McCarl,* 275 U. S. 1.

It is significant that the same Congress passed both the Suits in Admiralty Act and the Merchant Marine Act of 1920.

In any event, the actions were barred by laches.

The *West Aleta* did not deviate in sailing directly for Hamburg as her first port of call.

*Mr. J. M. Mannon, Jr.,* with whom *Messrs. Farnham P. Griffiths, Edwin S. Pillsbury, Edward J. McCutchen,* and *Warren Olney, Jr.,* were on the brief, for respondents.

Prior to the passage of the Suits in Admiralty Act, the Fleet Corporation was subject to the same obligations, responsibilities and remedies as any other private corporation.

Two personal remedies are open in a case of maritime contract or tort; *in personam* in admiralty, and at law in a state or federal court, with or without a trial by jury. Par. 3, § 24, Jud. Code. *Cohn* v. *Fleet Corp'n*, 20 F. (2d) 56; *Fleet Corp'n* v. *Eichberg*, 14 F. (2d) 248; *South Atl. Dry Dock Co.* v. *Fleet Corp'n*, 284 Fed. 723; *Lord & Burnham Co.* v. *Fleet Corp'n*, 265 Fed. 955.

In equity, too, relief may be sought in matters of a maritime nature, because admiralty has no jurisdiction to entertain an equitable plea. *The Kalfarli*, 277 Fed. 391; *Simmons Trans. Co.* v. *Alpha Portland Cement Co.*, 286 Fed. 955; *The Owego*, 289 Fed. 263; *The Thomas P. Beal*, 298 Fed. 121.

These remedies are concurrent, and an injured party may elect to avail himself of any one of them. *Red Cross Line* v. *Atlantic Fruit Co.*, 264 U. S. 109; *Leon* v. *Galceron*, 11 Wall. 185.

The only remedy barred by the Suits in Admiralty Act, is that *in rem* against vessels owned or operated by the Fleet Corporation of the United States; personal remedies are not superseded.

The main purpose of the Act was to relieve the United States and the Corporation from the embarrassment caused by seizure and arrest of vessels. *Eastern Trans. Co.* v. *United States*, 272 U. S. 675; *Blamberg Bros.* v. *United States*, 260 U. S. 452; *Shewan & Sons* v. *United States*, 266 U. S. 108; *Nahmeh* v. *United States*, 267 U. S. 122.

From the fact that Congress carefully expressed its intention to withdraw the right *in rem*, it follows that if the right to sue the Fleet Corporation, either at law or in admiralty, *in personam*, and the right to sue the

United States in the Court of Claims or under the Tucker Act, were likewise intended to be withdrawn, similar careful expression would have been expected.

The Suits in Admiralty Act does not expressly repeal the ordinary and general liability of the Fleet Corporation conferred by its organization as required by § 11 of the Shipping Act of 1916 (39 Stat. 728) under the general incorporation laws of the District of Columbia. Code, Dist. of Col., § 670, Sub-chapter 4, p. 159.

The liability, which arose prior to the passage of the Act, under the statutes referred to, can not be extinguished or modified unless the later statute expressly so provides. *Hertz* v. *Woodman,* 218 U. S. 205; *Great Northern Ry.* v. *United States,* 208 U. S. 452; *United States* v. *Reisinger,* 128 U. S. 398; *Warren* v. *Garber,* Hughes 365, 29 Fed. Case 17196; *Tinker* v. *Van Dyke,* 1 Flipp. 521, Fed. Case 14058; *Bradbury* v. *Galloway,* 3 Sawy. 343, Fed. Case 1764.

Repeals by implication are not favored. *Henrietta Mining etc. Co.* v. *Gardiner,* 173 U. S. 123; *France* v. *Connor,* 161 U. S. 65.

Without exception, the lower courts have held that the Suits in Admiralty Act does not provide an exclusive remedy. Thus: actions for breach of maritime contracts; *Fleet Corp'n* v. *Texas Mills,* 12 F. (2d) 9; *Wright & Co.* v. *Fleet Corp'n,* 285 Fed. 647; *Bellbuckle-Armand Schmoll, Inc.* v. *U. S. & Australasia S. S. Co. & Fleet Corp'n,* 217 N. Y. S. 883; *Dietrich* v. *Fleet Corp'n,* 9 F. (2d) 733; suits in admiralty *in personam* for cargo damage; *Fleet Corp'n* v. *Banque-Russo, etc.,* 286 Fed. 918, affirming 266 Fed. 897 and 281 Fed. 886; *Fidelity Trust Co.* v. *Fleet Corp'n,* 15 F. (2d) 600; *Marshall Hall Grain Co.* v. *Fleet Corp'n,* 14 F. (2d) 141; *Smith* v. *Fleet Corp'n,* 2 F. (2d) 390; for personal injuries to sea-

men; *Stewart* v. *Fleet Corp'n,* 7 F. (2d) 676; *Wallace* v. *Fleet Corp'n,* 5 F. (2d) 234; *Fleet Corp'n* v. *O'Shea,* 5 F. (2d) 123; *Lembeck* v. *Fleet Corp'n,* 9 F. (2d) 558; actions against the United States under the Tucker Act, arising out of maritime contracts; *Markle* v. *United States,* 8 F. (2d) 90; *Bennett-Day Importing Co.* v. *United States,* 8 F. (2d) 83; *Sutherland* v. *United States,* 1924 A. M. C. 1578; *The Barge Peerless,* 2 F. (2d) 395; *Hidalgo Steel Co.* v. *Moore & McCormick,* 298 Fed. 331; or for salvage services or upon maritime contracts; *Prince Line, Ltd.* v. *United States,* 61 Ct. Cls. 632; *Venezuela Meat Export Co.* v. *United States,* 58 Ct. Cls. 76.

The time limit in the Act is held inapplicable to suits apart from it. *Fidelity Trust Co.* v. *Fleet Corp'n,* 15 F. (2d) 600; *Marshall Hall Grain Co.* v. *Fleet Corp'n,* 14 F. (2d) 141; *Stewart* v. *Fleet Corp'n,* 7 F. (2d) 676; *Markle* v. *United States,* 8 F. (2d) 90; and likewise the clause limiting recovery of interest to 4%. *Fleet Corp'n* v. *Texas Mills,* 12 F. (2d) 9.

In certain of the foregoing cases, the lower courts reached the conclusion that the Act was not exclusive, with full cognizance of the fact that it permitted suits strictly *in personam* without regard to the requisites of actions *in rem,* as well as suits *in personam* as substitutes for actions *in rem.* See: *Markle* v. *United States,* 8 F. (2d) 90; *Wright & Co.* v. *Fleet Corp'n,* 285 Fed. 647; *Smith* v. *Fleet Corp'n,* 2 F. (2d) 390; *Fidelity Trust Co.* v. *Fleet Corp'n,* 15 F. (2d) 600; *Fleet Corp'n* v. *Texas Mills,* 12 F. (2d) 9.

No uniform procedure governing cases arising out of the operation of merchant vessels would be accomplished by holding the Act to provide the exclusive remedy in admiralty, because suits could still be brought at law or under the Tucker Act or in the Court of Claims.

These suits are not barred, because the statute of limitations prescribed is not pleaded. *Burnet* v. *Desmornes y Alvarez*, 226 U. S. 145; *Gormley* v. *Bunyan*, 138 U. S. 623; *Shields* v. *Schiff*, 124 U. S. 351; *Sanger* v. *Nightingale*, 122 U. S. 176; *Alexander* v. *Bryan*, 110 U. S. 414; *Sullivan* v. *Portland etc. R. R. Co.*, 94 U. S. 806; *The Harrisburg*, 119 U. S. 199; *Boyd* v. *Clark*, 8 Fed. 849; *Theroux* v. *Northern Pacific*, 64 Fed. 84; *Hutchings* v. *Lamson*, 96 Fed. 720; *Whitman* v. *Citizens Bank*, 110 Fed. 503. Nor were these suits barred by laches.

Under her bills of lading, *The West Aleta* had no right to pass beyond Cardiff and Rotterdam to Hamburg and then return over the same course.

*Mr. Jacob Telfair Smith* filed a brief as *amicus curiae* on behalf of Catz American Shipping Company, by special leave of Court.

MR. JUSTICE SANFORD delivered the opinion of the Court.

These are consolidated libels *in personam*, brought in admiralty by the respondents against the Shipping Board Emergency Fleet Corporation in the Federal District Court for Northern California, in October, 1922, and November, 1923, to recover the value of goods shipped by them in December, 1919, and January, 1920, from San Francisco to ports in Wales and Holland, on the *West Aleta*, a merchant vessel owned by the United States and operated by the Fleet Corporation.[1] The libels alleged that the vessel deviated from the agreed voyage, passing the destined ports without entering and proceeding on a voyage to a port in Germany, and that in the course and by reason of such deviation the vessel stranded upon an island in the North Sea and became a total loss, with all

---

[1] The process was served on the Fleet Corporation.

her cargo.   The Fleet Corporation filed exceptions to the libels on the ground, among others, that they were filed more than one year after the Suits in Admiralty Act[2] had gone into effect, and that by and under the provisions of that Act and particularly § 5 thereof the alleged causes of action were barred.   These exceptions were overruled. 295 Fed. 372.   The Fleet Corporation then answered, relying on the liberties clause in the bills of lading, denying that there had been any deviation, and alleging that the loss was caused by risks and perils for which it was not liable under the bills of lading and the Harter Act.[3]   The District Court, on the hearing, finding that there had been an unauthorized deviation and that the suits were not barred or affected by the Suits in Admiralty Act, entered decrees in favor of the libelants for the value of the goods, with interest at the rate of 7 per cent.   7 F. (2d) 893.   These were affirmed by the Circuit Court of Appeals, which held that there had been an unwarranted deviation and that the Suits in Admiralty Act was not applicable, since its purpose was to substitute an action *in personam* for one *in rem,* and no suit *in rem* could have been brought as the vessel had been wrecked off the coast of a foreign country and was a total loss.   12 F. (2d) 721.

The first contention of the Fleet Corporation is that these suits were barred by the limitation contained in § 5 of the Suits in Admiralty Act.

That Act, whose main provisions are set forth in the margin,[4] was approved and went into effect on March 9,

---

[2] 41 Stat. 525, c. 95; U. S. C., Tit. 46, § 741 *et seq.*

[3] 27 Stat. 445, c. 105.

[4] The Act provides: " That no vessel owned by the United States or by any corporation in which the United States or its representatives shall own the entire outstanding capital stock or in the possession of . . or operated by or for the United States or such corporation . . shall hereafter, in view of the provision herein made for a libel in

1920—several months after the alleged causes of action had arisen and more than a year before the libels were brought. It provided that no vessel owned by the United States or any corporation in which the United States or its representatives own the entire outstanding capital stock, or in the possession of or operated by or for the United States or such corporation, should be subject to arrest or seizure by judicial process, § 1; that where such vessel was employed as a merchant vessel and a proceed-

personam, be subject to arrest or seizure by judicial process in the United States . . .

" Sec. 2. That in cases where if such vessel were privately owned or operated . . a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States or against such corporation, as the case may be, provided that such vessel is employed as a merchant vessel. Such suits shall be brought in the district court of the United States for the district in which the parties so suing . . reside or have their principal place of business . . or in which the vessel . . charged with liability is found. The libelant shall forthwith serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing. Such service and mailing shall constitute valid service on the United States and such corporation. .

" Sec. 3. That such suits shall proceed and be heard and determined according to the principles of law and . . rules of practice obtaining in like cases between private parties. A decree against the United States or such corporation may include costs of suit, and when the decree is for a money judgment, interest at the rate of 4 per centum per annum . . or at any higher rate which shall be stipulated. . If the libelant so elects in his libel the suit may proceed in accordance with the principles of libels in rem wherever it shall appear that had the vessel . . been privately owned and possessed a libel in rem might have been maintained. Election so to proceed shall not preclude the libelant in any proper case from seeking relief in personam in the same suit. Neither the United States nor such corporation shall be required to give any bond or admiralty stipulation on any proceeding brought hereunder. Any such bond or stipulation heretofore given in admiralty causes by the United States . . or the United States Ship-

ing in admiralty could be maintained if it were privately owned or operated, a libel *in personam* might be brought against the United States or such corporation, as the case might be, § 2; and that suits based on causes of action arising prior to the Act should be brought within one year after it went into effect, § 5.

It is unquestioned that the Fleet Corporation is one which may be sued by a libel *in personam* under the provisions of the Act.[5]

---

ping Board Emergency Fleet Corporation, shall become void and be surrendered and canceled upon the filing of a suggestion by the Attorney General or other duly authorized law officer that the United States is interested in such cause, and assumes liability to satisfy any decree included within said bond or stipulation, and thereafter any such decree shall be paid as provided in section 8 of this Act.

" Sec. 5. That suits as herein authorized may be brought only on causes of action arising since April 6, 1917, provided that suits based on causes of action arising prior to the taking effect of this Act shall be brought within one year after this Act goes into effect; and all other suits hereunder shall be brought within two years after the cause of action arises. . .

" Sec. 8. That any final judgment rendered in any suit herein authorized . . shall, upon the presentation of a duly authenticated copy thereof, be paid by the proper accounting officers of the United States out of any appropriation or . . fund especially available therefor; otherwise there is hereby appropriated out of any money in the Treasury of the United States not otherwise appropriated, a sum sufficient to pay any such judgment. .

" Sec. 12. That the Attorney General shall report to the Congress at each session thereof the suits under this Act in which final judgment shall have been rendered . . against the United States and such aforesaid corporation. .

" Sec. 13. That the provisions of all other Acts inconsistent herewith are hereby repealed."

[5] All of the capital stock of the Fleet Corporation is owned and held by the United States Shipping Board on behalf of the United States, *United States* v. *McCarl,* 275 U. S. 1; in operating merchant vessels it acts for and on behalf of the United States, *Emergency Fleet Corp.* v. *Western Union Telegraph Co.,* 275 U. S. 415; and it is referred to specifically in § 4 of the Act.

In *Eastern Transp. Co.* v. *United States,* 272 U. S. 675, 689–692 (1927), we held that, while the main purpose of the Act was to exempt from seizure and arrest merchant vessels of the United States operated by it and its subordinate shipping corporations and to substitute for a suit *in rem* one *in personam* attended with the incidents of a proceeding *in rem* in which the personal liability of the United States took the place of the vessel, the Act also had a wider effect and created a broader personal obligation of the United States, as the owner of an offending vessel, like that of a private owner, which might be enforced in admiralty by a libel *in personam* in cases where there was no basis for an action *in rem.*

In view of this decision the libelants do not now contend, as in the Circuit Court of Appeals, that the Act merely authorized a libel *in personam* as a substitute for a proceeding *in rem.* And the question here presented as to the effect of the Act is whether, as the Fleet Corporation contends, the remedy given against it by a libel *in personam* in admiralty under the provisions of the Act, is exclusive; or whether, as the libelants contend, this remedy is not exclusive and the Fleet Corporation may also, as a private corporation, be sued in admiralty by a libel *in personam,* independently of the provisions of the Act.

The Act not only authorizes libels *in personam* to be brought in admiralty against the United States or the designated corporations on causes of action arising out of the possession or operation of merchant vessels, §§ 1, 2, but fixes the venue in such suits, § 2;—requires service on the United States or the corporation to be made upon the United States attorney, with notice to the Attorney General, § 2;—applies to the suits the principles of law and rules of practice obtaining in like cases between private parties, § 3;—limits the rate of interest which may

be included in a money decree against the United States or the corporation, to 4 per cent. unless otherwise stipulated, § 3;—exempts the United States or the corporation from the giving of any bond or admiralty stipulation, and provides that those previously given in any admiralty cause shall be canceled upon the assumption of liability by the United States, § 3;—requires suits based on causes of action that had arisen before the Act to be brought within one year after it goes into effect, and all other suits within two years after the cause of action arises, § 5;—directs that the final judgments rendered in the suits, as well as those in previous admiralty causes in which the United States assumes liability, shall be paid by the accounting officers of the United States out of money in the Treasury, for which an appropriation is made, §§ 3, 8;—requires the Attorney General to report to each session of Congress all final judgments rendered against the United States or the corporation;—and specifically repeals " the provisions of all other Acts " inconsistent with the Act, § 13.

The Act plainly relates to causes of action which had previously arisen,[6] as well as to those subsequently arising. It provides a remedy in admiralty for adjudicating and satisfying all maritime claims arising out of the possession or operation of merchant vessels of the United States and the corporations, in which the obligation of the United States is substituted for that of the corporations.  To that end it furnishes a complete system of administration, applying to the United States and the corporations alike, by which uniformity is established as to venue, service of process, rules of decision and procedure, rate of interest, and periods of limitation; and not only provides that the

---

[6] Except as to those that had arisen prior to April 6, 1917, § 5.

judgments against the corporations, as well as those against the United States, shall be paid out of money in the Treasury, but repeals the inconsistent provisions of all other Acts.

In view of these provisions of the Act we cannot doubt that it was intended to furnish the exclusive remedy in admiralty against the United States and the corporations on all maritime causes of action arising out of the possession or operation of merchant vessels. And nothing in its legislative history indicates a different purpose.

It follows that after the passage of the Act no libel in admiralty could be maintained against the United States or the corporations on such causes of action except in accordance with its provisions; and that as the libels in these cases were not brought against the Fleet Corporation within the period prescribed by § 5 they were barred. And although, as the libelants point out, this was not "pleaded in any of the answers," it was aptly and sufficiently pleaded in the exceptions to the libels, which correspond to demurrers in actions at law.

Whether in addition to furnishing an exclusive remedy in admiralty, the Act also prevents a resort to any concurrent remedies against the United States or the corporations on like causes of action in the Court of Claims or in courts of law, is a question not presented by these cases and upon which, although referred to in the argument, we express no opinion. And it is unnecessary to determine other contentions of the Fleet Corporation relating to the questions of deviation and laches.

The decree of the Circuit Court of Appeals is reversed; and the cause will be remanded to the District Court with instructions to dismiss the libels.

*Reversed.*

Mr. Justice McReynolds is of opinion that the decree of the Circuit Court of Appeals should be affirmed.