**FEDERAL SUGAR REFINING CO. v. UNITED STATES.**

Circuit Court of Appeals, Second Circuit. January 7, 1929.

No. 86.

Theodore L. Bailey, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., and William E. Collins, Sp. Asst. U. S. Atty., both of New York City.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). ▆ As the petition was filed more than two years after the cause of suit arose, the demurrer was good, if the Suits in Admiralty Act (46 USCA §§ 741–752) gave the exclusive remedy in the premises. If, on the other hand, a petition also lies under the Tucker Act (24 Stat. 505), the peti-

tion was filed in season. This is the only question which we find it necessary to discuss. In Eastern Transportation Co. v. U. S., 272 U. S. 675, 47 S. Ct. 289, 71 L. Ed. 472, it was definitively settled that the Suits in Admiralty Act applies as well to libels in personam as to those in rem, so that the libelant at bar might have sued under that act, had it so chosen. In U. S. Shipping Board Emergency Fleet Corp. v. Rosenberg, 276 U. S. 202, 48 S. Ct. 256, 72 L. Ed. 531, the Supreme Court decided that the Suits in Admiralty Act was the exclusive remedy for all causes of suit in the admiralty against the Fleet Corporation, and that the limitation of two years prescribed by section 5 (46 USCA § 745) therefore tolled the suit. The opinion expressly reserved, however, the question whether the act was also exclusive with respect to actions at law or suits in equity.

The Tucker Act gives jurisdiction to the District Court over claims against the United States in cases sounding in contract, "in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable" (U. S. Code, title 28, § 41, subd. 20 [28 USCA § 41(20)]), and the petition may be viewed either as a declaration at law or a libel in the admiralty. Formally, it has all the marks of a libel, yet, if it had been filed in a court of law, it would have stated a good cause of action on the contract of carriage. So far as it may be regarded as a libel, the reasoning in United States, etc., Corporation v. Rosenberg, supra, inescapably applies to it. The ratio decidendi of that case, from which it followed that libels under maritime law were put an end to, was that Congress, by granting comprehensive redress for maritime wrongs of all sorts, meant to prescribe the system so created for all cases, and that this intent would be frustrated if the parties aggrieved had an option to use either the new or the old procedure.

▆ It can make no difference that the implied repeal affected customary law in that case and a statute in this. While there is a presumption against the implied repeal of statutes, there is also a presumption that a statute is not to be taken in derogation of the common law, which should, so far as we can see, apply equally to the maritime law. Moreover, section 13 expressly repeals all inconsistent statutes. 41 Stat. 528. We can therefore see no reason why the Suits in Admiralty Act should not override a suit by petition against the United States, so far as it seeks relief analogous to that granted in the

admiralty, just as it overrides libels against the Fleet Corporation.

The petition, viewed as a declaration at law, might theoretically stand upon another footing; but we think it cannot. If it does, the result is not only that the limitations for torts differ from that for contracts, but that by a mere form of words the party aggrieved may avoid the limitation of section 5; he need only call his petition a declaration and he secures the longer period. Indeed, under present-day conditions, when the right to amend is readily granted and forms of the pleading count for little, he may contrive to avoid the act at any stage of the suit. Section 5 becomes brutum fulmen, and the limitation is six years, if the petitioner wishes to have it so. We cannot think that section 13 meant to leave this possibility open.

More can be said in favor of retaining actions at law against the Fleet Corporation. These are triable to a jury, and it is possible that Congress intended to leave them with whatever limitations chanced to be applicable. But the United States has consented to be sued at common law only in the Court of Claims and the District Courts, and the suits are triable to a court, precisely like libels in the admiralty. To suppose that these, or at least suits in the District Court, shall carry different limitations, when the only differences between them are those of form, seems to us to be a contradiction in substance, if not in terms. Every consideration which moved the Supreme Court to declare that the act superseded the usual libel equally applies to a petition upon the same cause of action under the Tucker Act, however cast.

It is quite true that in several cases the District Courts have come to an opposite conclusion. The Peerless (D. C.) 2 F.(2d) 395; Hidalgo Steel Co. v. Moore & McCormack (D. C.) 298 F. 331, 333; Markle v. U. S. (D. C.) 8 F.(2d) 90; Sutherland v. U. S. (1924) A. M. C. 1578; Bennett Day Co. v. U. S. (D. C.) 8 F.(2d) 83. All these arose before the decision in U. S., etc., Corp. v. Rosenberg, and are no longer authority for whatever are the implications of that decision. In Venezuelen Meat Export Co. v. U. S., 58 Ct. Cl. 76, the Court of Claims decided nothing on the question, and scarcely indicated its opinion obiter. On the other hand, we do not think that U. S. v. Pfitsch, 256 U. S. 547, 41 S. Ct. 569, 65 L. Ed. 1084, helps the appellee. That case depended upon the language of the particular statute there under consideration, and has no relevancy to the point now at issue. The question is free from direct authority, except as we have stated, but we think that the suit was governed by the limitation of the Suits in Admiralty Act, and that the petition was filed too late.

Decree affirmed.