ROYAL INS. CO., Limited, et al. v. UNITED STATES SHIPPING BOARD MERCHANT FLEET CORPORATION.

BUCHANAN et al. v. SAME.

District Court, S. D. New York. February 26, 1929.

Barry, Wainwright, Thacher & Symmers, of New York City (John C. Crawley, of New York City, of counsel), for plaintiffs.

Charles H. Tuttle, U. S. Atty., of New York City (Walter Schaffner, Sp. Asst. U. S. Atty., of New York City, of counsel), for defendant.

THACHER, District Judge (after stating the facts as above). One of the defenses to be considered presents the contention that the Act of Congress approved March 9, 1920, commonly known as the Suits in Admiralty Act (41 Stat. 525, c. 95; U. S. C. tit. 46, § 741 et seq. [46 USCA § 741 et seq.]), affords an exclusive remedy against the United States Shipping Board Merchant Fleet Corporation for any cause of action for which a libel in admiralty could be filed under the provisions of said act, and that therefore the court in this proceeding is without jurisdiction of the causes of action set forth in the complaints.

There is no question that the Eastern Glade was owned by the United States and operated as a merchant vessel by the defendant under an agency agreement with the Mallory Transport Lines, appointed by the defendant to manage, operate, and conduct the business of such vessel. Consequently these suits might have been brought under the Suits in Admiralty Act, if commenced with-

in two years after the causes of action alleged in the complaints arose. Long after the time limited by section 5 of the Suits in Admiralty Act (46 USCA § 745) for the commencement of such suits had expired these actions at law were instituted.

In the West Aleta (U. S. Shipping Board Emergency Fleet Corp. v. Rosenberg) 276 U. S. 202, 48 S. Ct. 256, 72 L. Ed. 531, the Supreme Court decided that the Suits in Admiralty Act was the exclusive remedy for all causes of suit in admiralty against the Fleet Corporation. The question whether the act also prohibits "resort to * * * concurrent remedies against the United States or the corporations" and "like causes of action in the Court of Claims or in courts of law" was expressly reserved. In The Cerosco (Federal Sugar Rfg. Co. v. United States) 30 F.(2d) 254, 1929 A. M. C. 84, the Circuit Court of Appeals for this circuit held that the act was exclusive of all suits against the United States by petition under the Tucker Act (24 Stat. 505) for causes of action which might have been brought under the Suits in Admiralty Act. The fact that the petition in that cause might have been treated as a declaration at law was held not to affect the question, and decision turned upon the conclusion that "every consideration which moved the Supreme Court to declare that the act superseded the usual libel, equally applies to a petition upon the same cause of action under the Tucker Act, however cast."

In this connection it was, however, said: "More can be said in favor of retaining actions at law against the Fleet Corporation. These are triable to a jury, and it is possible that Congress intended to leave them with whatever limitations chanced to be applicable." But to so decide would be to defeat the obvious plan and purpose of the statute, which, as declared in The West Aleta, was to provide a complete system of administration applying to the United States and to corporations in which it is the only stockholder, under which uniformity is provided in procedure for the enforcement of remedies, limitation upon the right to sue, recovery of interest, payment of judgments recovered out of moneys in the Treasury, and a report to Congress of all final judgments rendered in suits under the act. The statute applies this system without discrimination to suits against the government and suits against corporations in which it is the only stockholder. It has been held exclusive of other remedies, because the pursuit of such remedies would nullify its provisions. If concurrent legal remedies are still available, not only section 5, limiting the right to sue, but section 3 (46 USCA § 743), in its provision for the recovery of interest at 4 per cent. unless otherwise stipulated, may be evaded at the choice of any complainant.

That the act was intended to be exclusive is emphasized by the fact that the Attorney General is required to report to Congress all final judgments entered in suits under the act. Such reports would be of little value, if judgments against the Fleet Corporation were recoverable at law in like suits. Nor is it to be assumed that Congress intended to preserve the right to trial by jury in actions brought against a corporation in which the entire capital stock is owned by or held for the United States. Legislative intent is clear to put the Fleet Corporation upon a plane with the government itself in so far as liabilities arising out of the operation of merchant vessels are concerned. If one looks beneath the corporate form to the interests of the government affected by such suits, there was strong reason for following traditional policy in requiring trial without a jury.

All this being so, every consideration which influenced decision in The West Aleta, supra, and in The Cerosco, supra, applies to these actions at law against the Fleet Corporation, and leads to the conclusion that such actions, as well as suits in admiralty and actions against the United States under the Tucker Act, are not maintainable if remedies for the same causes of suit were available under the Suits in Admiralty Act. Actions at law, maintainable under statutes enacted subsequent to the enactment of the Suits in Admiralty Act, are not here in question, and the right to maintain such actions, notwithstanding the provisions of the earlier statute, is neither considered nor adjudicated.

Accordingly, the motion of the defendant in each action is granted, and the motions of the plaintiffs therein are denied.