**HOINESS v. UNITED STATES et al.**

No. 24322 S.

District Court, N. D. California, S. D.

Aug. 5, 1947.

Herbert Resner and Gladstein, Anderson, Resner, Sawyer & Edises, all of San Francisco, Cal., for libelant.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for the United States.

John H. Black and Edw. R. Kay, both of San Francisco, Cal., for American South African Line, Inc.

ST. SURE, District Judge.

This is a libel in personam primarily against the United States. The War Shipping Administration and American South African Line were treated as nominal parties only. In brief, libelant seeks to recover insurance benefits, damages, wages and maintenance. Each of these claims is stated in a separate cause of action.

In paraphrase the libelant alleges that he is a merchant seaman; that the SS Escanaba Victory was a vessel owned by the United States and the War Shipping Administration; that it was of United States registry and at all pertinent times was operated, managed, navigated and controlled by the American South African Line, Inc., as general agent; that the operating agent has a main office and principal place of business in San Francisco within the jurisdiction of this court; that the United States and the War Shipping Administration maintain offices and principal places of business in San Francisco and within the jurisdiction of the court; that this action is brought and maintained under the Second Seamen's War Risk Insurance Act, the Suits in Admiralty Act, the Jones Act and Public Law 17, 78th Congress, Act March 24, 1943; "that libelant was in the employ of the respondents and each of them aboard the said vessel for the period from August 10, 1944, when he joined the vessel at the port of Aberdeen, Washington, to and including January 15, 1945, when he separated from said vessel at the port of San Francisco * * * That on January 16, 1945 * * * while said vessel was docked at the port of San Francisco * * * [and while] libelant was on the main deck in the service of the vessel and in the employ of respondents and each of them," he was shot and seriously wounded by a member of the United States Navy who was also a member of the vessel's gun crew; that the vessel was covered by a war risk policy under which he was entitled to benefits; that his claim therefor had been filed with the proper authority and had been disallowed. Ultimate facts pleaded in the first cause of action were incorporated by reference in the other three. To the foregoing were added allegations that with full knowledge of the "violent" and "unruly" propensities of the individual who shot libelant, respondents failed to control or supervise or discipline that individual, which conduct constituted negligence by which the vessel was rendered unseaworthy; that the injuries suffered were the direct and proximate result of the negligence of respondents. Prayer was for $35,000 damages. The remaining causes added that libelant was entitled to maintenance and wages, respectively.

There were no exceptions to the libel, nor was there a motion to dismiss.

The answer of the United States and of American South African Line, Inc., denied libelant's right to benefits; denied his employment; denied negligence and affirmatively alleged that the injuries were solely and proximately caused by a member of the Navy over whom libelants had no control and by the wilful misconduct of libelant, or were the result of his own vices. Each answer contained the following "* * * respondent leaves all questions of jurisdiction to the Court."

The case was heard on the merits and submitted.

Examination of the libel reveals that allegations of facts essential to the Court's jurisdiction have been omitted. The Second

Seaman's War Risk Insurance Act, Act April 11, 1942, c. 240, 56 Stat. 214, 215, 46 U.S.C.A. §§ 1128–1128h, so far as pertinent (§ 1128d) provides: "In the event of disagreement as to a claim for losses or the amount thereof, on account of insurance under sections 1128–1128h * * * an action on the claim may be brought and maintained against the United States in the district court of the United States sitting in admiralty in the district in which claimant or his agent may reside, or in case the claimant has no residence in the United States, in a district court in which the Attorney General of the United States shall agree to accept service."

Further that "Said suits shall proceed and shall be heard and determined according to the provisions of the [Suits in Admiralty Act] insofar as such provisions are not inapplicable and are not contrary to or inconsistent with the provisions of sections 1128–1128h."

There is no intimation in the libel that libelant is a resident within the jurisdiction of this court, or that he has no residence in the United States.

The first section of the Suits in Admiralty Act, Act Mar. 9, 1920, c. 95, 41 Stat. 525, as amended, 46 U.S.C.A. § 741, provides: "No vessel owned by the United States or by any corporation in which the United States or its representatives shall own the entire outstanding capital stock or in the possession of the United States * * * or operated by or for the United States or such corporation * * * shall in view of the provision herein made for a libel in personam, be subject to arrest or seizure by judicial process * * *."

Section 2, 46 U.S.C.A. § 742, provides: "In cases where if such vessel were privately owned or operated * * * a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States * * *. Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them reside or have their principal place of business * * * or in which the vessel * * * charged with liability is found."

This libel does not allege that libelant has his principal place of business within the court's jurisdiction, or that the vessel, at the commencement of the action, was found within this district. It is obvious, therefore, that the libel is fatally defective.

■ Notwithstanding the libel failed to allege that the injury was suffered on a vessel lying in navigable waters, it is obvious that the cause of action is based on a maritime tort. The Suits in Admiralty Act provides the exclusive remedy in admiralty against the United States and the War Shipping Administration for such a tort. (Eastern Transportation Co. v. United States, 272 U.S. 675, 47 S.Ct. 289, 71 L.Ed. 472; United States Shipping Board Emergency Fleet Corp. v. Rosenberg Bros. & Co., 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531; Brady v. Roosevelt S. S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471). Public Law 17, 78th Congress Act March 24, 1943, 57 Stat. 45, 50 U.S.C.A.Appendix, § 1291, avails libelant nothing, for it also provides that claims administratively disallowed may be enforced pursuant to the Suits in Admiralty Act.

■ It follows that the libel must be dismissed for lack of jurisdiction as to the United States and the War Shipping Administration. (Blamberg Bros. v. United States, 260 U.S. 452, 43 S.Ct. 179, 67 L.Ed. 346; Carroll v. United States, 2 Cir., 133 F.2d 690; Lopez v. United States, D.C., 59 F.Supp. 831; Abbott v. United States, D.C.N.Y., 61 F.Supp. 989; Burkholder v. United States, D.C., 60 F.Supp. 700).

■ Elimination of the government and the War Shipping Administration leaves the question of jurisdiction with respect to the American South African Line, Inc.

If libelant relied on the Jones Act, Act June 5, 1920, c. 250, § 33, 41 Stat. 988, 46 U.S.C.A. § 688, so far as the operating agent is concerned, the libel fails to allege that the injury was suffered "in the course of" libelant's employment, or any fact from which an inference that he was so injured could be drawn. On the contrary, his allegations are that he was employed to and including January 15, and that his injury occurred on January 16, 1945. In the absence of an allegation that libelant was re-

292

employed after he separated from the vessel on January 15, or that separation from the vessel did not terminate his employment, the conclusion is warranted that at the time he was injured he was either a trespasser, a passenger or a guest. As such, and disregarding the fact that he sued as a seaman, the libel still fails to allege facts essential to the court's jurisdiction, in admiralty or otherwise.

The libel is dismissed for lack of jurisdiction. Counsel may submit findings of fact and conclusions of law in accord with this opinion.