Thorvold REPSHOLDT, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 55-C-26.

United States District Court
E. D. Wisconsin.

Oct. 22, 1957.

Robert F. Doyle, Chicago, Ill., and N. Paley Phillips, Milwaukee, Wis., for plaintiff.

Edward G. Minor, U. S. Atty., and Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This action, brought by plaintiff against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), is now before the court on defendant's original motion for summary judgment on the ground that the statute of limitations has run, 28 U.S.C.A. § 2401(b), and defendant's amended motion for summary judgment on the ground that the plaintiff has a remedy in admiralty and hence cannot maintain his action under the Federal Tort Claims Act, 28 U.S.C.A. § 2680(d).

In 1948 the plaintiff, while employed as a seaman, was injured on board the vessel S.S. Fort Stephenson, which belonged to the United States Maritime Commission and was bara-chartered to the Pacific Tankers Oil Company. He was unable to continue his work on board and accordingly was discharged from the vessel on March 7, 1948, at Providence, Rhode Island. From Providence the plaintiff went to New York, then to Chicago, and finally to Oshkosh, Wisconsin. Plaintiff alleges that on or about March 26, 1948, he visited a doctor at the United States Public Health Service at the Federal Building, Milwaukee, Wisconsin.

In 1953 plaintiff commenced an action in admiralty (libel in personam) in the United States District Court for the Northern District of Illinois, Eastern Division. The libel was brought against the United States under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, (a) for damages suffered because of the defendant's negligence in equipping and operating the vessel, by virtue of the Jones Act, 46 U.S.C.A. § 688, and (b) for maintenance, care, and wages under the general maritime law.

The trial court awarded $1,000 for damages caused by defendant's negligence, and $600 for maintenance and care. At the time of trial, plaintiff contended that he had sought medical attention from a doctor at the United States Public Health Service in Milwaukee on March 26, 1948. This was denied by the defendant, and the doctor in charge of the United States Public Health Service testified that there were no records of any visit by the plaintiff in either March or April.

The Court of Appeals for the Seventh Circuit, in 1953, 205 F.2d 852, reversed the decree of the trial court. It found no causal negligence on the part of defendant with respect to the injury suffered while on board the vessel, and on the issue of maintenance and care, found that plaintiff did not act with reasonable diligence in seeking medical attention for his injury. The United States Supreme Court denied certiorari (1953, 1954), 346 U.S. 901, 928, 74 S.Ct. 226, 308, 98 L.Ed. 401, 420.

On January 31, 1955, plaintiff filed suit against the United States in this court under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), alleging negligence on the part of the United States, through its agents, in failing to keep records of the visit allegedly made by plaintiff on or about March 26, 1948, to the United States Public Health Service Outpatient Clinic at Milwaukee, and in failing to keep records of another medical examination allegedly given to plain-

tiff on or about February 5, 1948, before the injury, by a doctor of the United States Public Health Service in New York. Plaintiff charges that as a result of this alleged negligent failure to keep records, his credibility was impeached at the trial in admiralty and he therefore failed to win an adequate, final decree in that trial, all to his damage in the sum of $250,000.

As previously stated, the United States has filed motions for summary judgment. The court is of the opinion that summary judgment must be awarded to the defendant because plaintiff has, or more accurately, had a remedy in admiralty and hence cannot maintain this action under the Federal Tort Claims Act. 28 U.S.C.A. § 2680(d) provides:

"The provisions of this chapter and section 1346(b) of this title shall not apply to— * * *

"(d) Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States."

It is obvious that any claim or cause of action plaintiff had for negligent injury to his person incurred while on board the S.S. Fort Stephenson and for maintenance and care could be brought by him against the United States under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, relating to merchant vessels owned by the United States or by a corporation which is owned by the United States. See the Jones Act, 46 U.S.C.A. § 688, giving a cause of action for personal injury, The Osceola, 1903, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760; The Iroquois, 1904, 194 U.S. 240, 24 S.Ct. 640, 48 L.Ed. 955; and Aguilar v. Standard Oil Co., 1943, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107, on the right of a seaman to maintenance and care under the general maritime laws, and the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, particularly § 742, establishing the consent of the United States to be sued in cases where the seaman could maintain suit against a private party. Plaintiff did bring suit against the United States for his injury and for maintenance and care, as is outlined above in the statement of facts.

A reading of the Court of Appeals' opinion in plaintiff's admiralty action, 205 F.2d 852, 856, clearly reveals that the issue of whether or not plaintiff visited the United States Public Health Doctor in Milwaukee at any time in March or April was closely examined and was a point in issue at trial in determining his claim for maintenance and care, as bearing on the question whether he acted with reasonable diligence in procuring treatment for his injury. Plaintiff, therefore, had adequate opportunity to present any evidence he had to show that he did visit the Public Health Doctor. If he was surprised by the testimony to the effect that the Public Health Doctor had no records of his alleged visit, he could have requested the trial court to continue the case while he assembled his evidence. In addition, there was opportunity to make motion for a new trial on the ground of newly discovered evidence.

Plaintiff not only had a remedy under 46 U.S.C.A. §§ 741–752, but he actually availed himself of that remedy and engaged in a complete course of litigation over it.

One of the things litigated between this plaintiff and this defendant was the question as to whether the plaintiff acted with reasonable diligence "in seeking medical attention". The question as to whether or not he had sought medical attention from the United States Public Health Service was a direct issue; it was an element that he sought to prove. We have here identity of parties, and the issue plaintiff seeks to tender here was tendered as an element in the other action. Defendant's motion for a summary judgment is granted.

Defendant is directed to prepare an order for judgment and judgment in accord with this opinion, submitting them to plaintiff's counsel for approval as to form only.