**ISBRANDTSEN COMPANY, Inc.,**
**Libelant-Appellant,**

**v.**

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 3, Docket 24384.**

United States Court of Appeals
Second Circuit.

Argued Nov. 6, 1957.

Decided May 6, 1958.

O'Connor, Foley & Grainger, New York City (Joseph K. Grainger, New York City, of counsel), for libelant-appellant.

George Cochran Doub, Asst. Atty. Gen., Paul W. Williams, U. S. Atty., S. D. New York, New York City, Paul A. Sweeney, Washington, D. C., Benjamin H. Berman, New York City, and Herman Marcuse, Washington, D. C., Attys., Dept. of Justice (Leavenworth Colby, Chief, Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., of counsel), for respondent-appellee.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

This is the last of the four cases argued before us on November 6, 1957, and we are filing the opinions in all four cases together. The problems in each of the four cases arise, at least in part, out of the circumstance that the parties have various unrelated claims vis-a-vis one another.

During the period from 1948 to 1951 Isbrandtsen carried foodstuffs and supplies for the United States, and its freight bills for these shipments were paid as they were presented. The General Accounting Office, however, determined upon post-audit that the United States had been overcharged on two groups of items, amounting respectively to $21,027.83 and $10,037.49.

On August 11, 1952, Isbrandtsen chartered the SS. Columbia Heights to the Military Sea Transportation Service of the United States for six months; the charter was extended until April 14, 1954, when the vessel was returned to Isbrandtsen. The government asserts in its brief that, according to the terms of the charter party entered into between Isbrandtsen and the MSTS, charter hire accrued from day to day and was payable on the presentation of properly certified invoices or vouchers, which Isbrandtsen could submit every fifteen days; but the charter party is not part of the record before us.

On February 25, 1953, Isbrandtsen submitted an invoice covering the period from February 5 to February 20, 1953, in the amount of $32,100. MSTS withheld $21,027.83 from this bill and applied it to Isbrandtsen's alleged indebtedness to the United States arising out of the 1948–1951 shipments. Isbrandtsen was notified of this withholding on March 16, 1953. On October 6, 1953, Isbrandtsen was notified of a similar withholding of $10,037.49 from another one of its bills, but the record before us reveals no other facts with regard to this bill and withholding.

Isbrandtsen's original libel was filed on September 14, 1955. It did not allege a claim for the charter hire of the SS. Columbia Heights, but it did allege that $413,814.37 had been due for cargo carried from 1948 to 1951 and that the bills for these charges had been paid. It further alleged that the government, claiming the payments for freight had been excessive, had arbitrarily withheld $31,065.32 "in connection with certain charter parties, not involved in this suit" and prayed for judgment in that amount. This libel was dismissed for failure to set forth facts sufficient to constitute a claim, since it appeared on the face of the libel that the freight charges on the 1948–1951 shipments had been paid, and Judge Weinfeld, the same judge who made the order now appealed from, treated the allegation of the government's withholding as mere surplusage. Leave to amend the libel was granted.

The amended libel was filed on March 29, 1956. It made no reference to the freight charges for the 1948–1951 shipments, but did allege the charter of the

SS. Columbia Heights to the MSTS and the redelivery of the vessel on April 14, 1954. The libel did not allege how or when moneys became payable for charter hire, but merely that the United States failed to pay $31,065.32 of the charter hire alleged to be due. The government's exceptive allegations indicated that the withholdings occurred on March 16, 1953 and on October 6, 1953, and asserted that the suit was time-barred because not brought within the two year limitation of Section 5 of Suits in Admiralty Act, 46 U.S.C.A. § 745.

■ In much the same manner as that adopted by the court below in the Eastport case, United States v. Eastport S.S. Corp., 2 Cir., 255 F.2d 795, the District Judge here, perhaps in an effort to sustain some part of libelant's claim, disregarded the allegations of the libel, which stated a claim for additional charter hire in the amount of $31,065.32, and treated it as in effect alleging two claims for money wrongfully withheld, and held that each claim matured and the Statute of Limitations began to run on the dates when the Comptroller General "unequivocally asserted his intent to withhold the money." Accordingly, although the libel made no reference whatever to the withholdings, it was held that $21,027.83 of the claim was barred because that amount was withheld on March 16, 1953, but that the action might proceed as to the $10,037.49 withheld on October 6, 1953, as the libel was filed within two years thereafter. This fictional handling of the case we think constitutes error requiring the remand of the case for further proceedings.

■ In Grace Line, Inc., v. United States, 2 Cir., 255 F.2d 810, 815, we have already decided that, in determining in admiralty whether or not a set-off or counterclaim arises out of the same transaction as that set forth in the libel, the court is not at liberty to look behind the allegations of the libel stating a claim for the unpaid balance of freight charges and find that the "real" claim sought to be pleaded was for moneys withheld by the United States by reason of the unrelated claim of the United States alleged in the set-off, simply because the moneys were withheld and the claim for freight charges was said to be undisputed. Thus we said:

"In the case at bar the subject-matter of the libel was the alleged debt of the United States to Grace arising out of the 1954–1955 shipments, and there is no relationship whatever between this claim asserted in the libel and the claim asserted by the government. No amount of pleading can alter the fact that in this case there is no affirmative defense raised by the government, but rather an attempt to interpose a set-off which is barred by established admiralty procedure."

■ This and similar efforts to pierce the clear and unequivocal allegations of a claim or cause of action in a libel or complaint, and characterize the claim or cause of action as one for wrongful withholding of moneys by the United States can only result in confusion and injustice. Rules of practice and procedure relating to defenses, counterclaims and other matters are formulated for the purpose of simplifying the administration of justice and making it more expeditious, more certain and more effective. These rules cannot accomplish their purpose if pleadings clear on their face are construed to mean something quite different from what is plainly alleged therein.

■ The libel must be further amended, however, as it is impossible to determine from the allegations of the amended libel before us when the moneys sought to be recovered became due and payable, by reason of the terms of the charter party, or otherwise. It is well settled that the libel must allege facts sufficient to indicate that the claim sued upon was not time-barred by the two year period of limitations set forth in Section 5 of the Suits in Admiralty Act, 46 U.S. C.A. § 745. United States Shipping Board Emergency Fleet Corp. v. Rosenberg Brothers & Co., 276 U.S. 202, 214, 48 S.Ct. 256, 72 L.Ed. 531; Corporation

of Royal Exchange Assurance v. United States, 2 Cir., 75 F.2d 478, 480.

Reversed and remanded.

WATERMAN, Circuit Judge (concurring).

I concur in the result. See my separate concurring opinion in Grace Line, Inc., v. United States, 2 Cir., 255 F.2d 815, 816.