**Thorvold REPSHOLDT, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 12188.**

United States Court of Appeals Seventh Circuit.

June 24, 1958.

Robert F. Doyle, Chicago, Ill., N. Paley Phillips, Milwaukee, Wis., for appellant.

Edward G. Minor, U. S. Atty., Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before FINNEGAN, HASTINGS and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

Repsholdt v. United States, 7 Cir., 1953, 205 F.2d 852 is our earlier discussion of operative facts and reversal of Repsholdt's recovery of damages under the Suits in Admiralty Act, 46 U.S.C.A. § 742. The current appeal is from a summary judgment in favor of the United States behind which lies the district court's opinion reported as Repsholdt v. United States, D.C.Wis.1957, 155 F.Supp. 465. In his reply brief plaintiff states: "The only contested issue is whether or not the negligence of the staff of the United States hospital, in failing to keep records is grounds for an action under the Suits in Admiralty Act, or under Federal Tort Claims Act." Plaintiff's opening brief contains an argument opposing *res judicata*.

The Federal Tort Claims Act, 28 U.S.C. § 2680(d), does not apply to any claims for which remedy is provided by §§ 741–752, 781–790 of the Suits in Admiralty Act, and, accordingly plaintiff's remedy, already litigated, under this latter Act was exclusive, United States Shipping Board Emergency Fleet Corporation v. Rosenberg Bros. & Co., 1928, 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531.

Repsholdt now wants damages in tort because, he alleges, the hospital staff failed to maintain records relevant to issues in the old law suit. But he omits any authorities for the basis of the purported duty he currently insists has been breached. It might also be pointed out that the pertinent statute of limitations has run, 28 U.S.C. § 2401(b); and our opinion noted the absence of a visit during March or April, 1948. 205 F.2d 852, 856. Actually all the arguments put forward on plaintiff's behalf are without merit and are undeserving of further discussion despite our careful consideration of them. We think plaintiff had his day in court.

Judgment affirmed.