JOSEPH DOBBINS, Respondent, *v.* SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Appellant.

Appeal — Court of Appeals cannot consider question of jurisdiction raised for first time on appeal.

The Court of Appeals is without power, in an action to recover damages caused by a railroad's failure to furnish cars for the transportation of freight, to consider or decide the question, raised for the first time on appeal, that the court had no jurisdiction because a substantial number of cars demanded by the plaintiff were intended for interstate shipments where there was no attempt on the trial to separate the intrastate shipments from the interstate shipments.

*Dobbins* v. *Syracuse, B. & N. Y. R. R. Co.,* 157 App. Div. 80, affirmed.

(Argued April 3, 1915; decided May 25, 1915.)

APPEAL from a judgment of the Appellate Division, of the Supreme Court in the third judicial department, entered May 28, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

*C. V. Byrne* for appellant.

*Thomas S. Dowd* for respondent.

*Per Curiam.* The plaintiff, a shipper, has recovered a judgment against the defendant for damages caused by the defendant's failure to furnish cars for the transportation of freight as required by the Railroad Law; Cons. Laws, ch. 49 (sec. 54). The defendant now seeks to raise the question that the court had no jurisdiction, because a substantial number of the cars demanded by the plaintiff were intended for interstate shipments; and that, therefore, the Federal courts had exclusive jurisdiction. (*Loomis* v. *Lehigh Valley R. R. Co.,* 208 N. Y. 312.) No such issue was presented by the pleadings; nor was the matter even referred to at the trial, or on the appeal to the Appellate Division. The evidence discloses that some of the shipments in question were intended for

intrastate commerce, and to that extent, at least, the court had jurisdiction of the action. (*Loomis* v. *Lehigh V. R. R. Co., supra.*) Since the question was not raised at the trial, there was, of course, no attempt to separate the intrastate shipments from the interstate shipments, and in these circumstances we are without power to consider or decide the question of jurisdiction which the appellant now, for the first time, seeks to raise. All the other questions were, we think, properly disposed of at the trial and require no further discussion.

Since the case was submitted to this court, our attention has been called to a decision of the Federal Supreme Court holding that it is the common-law duty of a railroad to furnish properly equipped cars and sufficient in number to meet the needs of shippers, and that by section 22 of the Interstate Commerce Act, the jurisdiction to deal with violations of that duty was expressly reserved to the state courts having common-law jurisdiction. (*Penn. R. R. Co.* v. *Puritan Coal Mining Co.,* 237 U. S. 121.)

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, HOGAN, CARDOZO and SEABURY, JJ., concur; MILLER, J., not voting.

Judgment affirmed.