MICHAEL SHEA, Respondent, *v.* EXPORT STEAMSHIP CORPORATION et al., Appellants.

18

(Argued October 10, 1929; decided February 11, 1930.)

*Frederick H. Cunningham, Howard W. Ameli* and *Edgar G. Wandless* for appellants. The State court was without jurisdiction to consider the action because the vessel involved was a merchant vessel owned by and operated for the United States of America. (Suits in Admiralty Act of March 9, 1920.) The judgment should be reversed for lack of jurisdiction of the trial court. (*United States Shipping Board Emergency Fleet Corp.* v. *Lustgarten*, 50 Sup. Ct. Rep. 118; *Minnesota* v. *Hitchcock*, 185 U. S. 373.)

*Raymond Parmer* for respondent. The trial court had jurisdiction. (*United States Shipping Board Emergency*

*Fleet Corp.* v. *Rosenberg Bros. & Co.,* 276 U. S. 202.) The court may not take judicial notice of the interest of the United States in the Emergency Fleet Corporation. (*Sloan Shipyard Corporations* v. *United States Shipping Board Emergency Fleet Corp.,* 258 U. S. 546; *United States* v. *Brown,* 247 N. Y. 211; *Cunningham* v. *Macon R. Co.,* 109 U. S. 446; *United States* v. *Lee,* 106 U. S. 196; *Pollitz* v. *Wabash R. Co.,* 207 N. Y. 113.)

POUND, J. In this case the plaintiff sued in the State court to recover damages sustained by him as a result of the failure of the defendants to provide him, a seaman of the steamship *Blue Triangle,* owned by the Export Steamship Corporation and operated and controlled by the United States Shipping Board Emergency Fleet Corporation, with proper food and drinking water. He recovered a verdict for $3,250. Judgment entered thereon was unanimously affirmed by the Appellate Division and an appeal was taken by leave to this court.

Two points were made on the argument: *First,* that the court should have granted defendants' motion to dismiss the complaint because the plaintiff had executed a release of his cause of action. Plaintiff denied that he had knowingly executed a release and alleged that he had been induced by fraud to execute what he supposed was a receipt which turned out to be a release. The issue on this question was one of fact and the record presents no question of law thereon. (*Whipple* v. *Brown Bros. Co.,* 225 N. Y. 237.) *Secondly,* that the remedies given against United States Shipping Board Emergency Fleet Corporation by the Suits in Admiralty Act of Congress of March 9, 1920 (Mason's U. S. Code, title 46, ch. 20, § 741 *et seq.*), are exclusive of all other remedies, whether in law or in admiralty for liability of the Fleet Corporation growing out of the operation of merchant vessels of the United States, and that no suit would lie in the State court to recover damages in a tort action,

either against the Fleet Corporation or its agent, the Export Steamship Corporation.

As to the second point, respondent contends that the question of jurisdiction was not raised below and cannot be raised in this court.

The record indicates that the case was tried on the theory that it was admitted by defendants that at the times mentioned in the complaint the defendant Export Steamship Corporation did manage and operate the merchant vessel *Blue Triangle* but only under and pursuant to an agreement with the United States Shipping Board represented by the defendant United States Shipping Board Emergency Fleet Corporation known as " Agency agreement for managing and operating vessels," whereby the Export Steamship Corporation managed, operated and conducted the business of the *Blue Triangle* as agent for the Fleet Corporation, as alleged in the answers of the defendants and that no proof was necessary on these points either from plaintiff or defendants. Both defendants had by their answers denied ownership, operation, management and control of the *Blue Triangle* except as provided in the agency agreement, a copy of which is attached to the answers. No cause of action was made out which connected the *Blue Triangle* with either defendant except by this qualified admission in the answer of such ownership and management.

The answers contained an allegation that the remedy provided by Congress by the Suits in Admiralty Act of March 9, 1920, was exclusive, and the question of jurisdiction was thus brought to the attention of the court. The question was then an open one. (*United States Shipping Board Emergency Fleet Corp.* v. *Rosenberg Bros. & Co.*, 276 U. S. 202.)

While the general rule is that the allegations of new matter contained in the answer are deemed to be controverted by the plaintiff (Civ. Prac. Act, § 243), this rule should not be applied when for the purposes of the

trial the plaintiff clearly and necessarily is compelled to rely on such allegations in order to make out his own case.

No motion to dismiss was made on the question of jurisdiction nor was it referred to on the trial. We thus have a case where the question of jurisdiction is, apart from the answers, raised for the first time in this court, although on facts set forth in the answers so relied on by the plaintiff in making out his case or susceptible of judicial notice which were before the trial court. The case thus differs from *Dobbins* v. *S., B. & N. Y. R. R. Co.* (215 N. Y. 674) and like cases where the issue of jurisdiction was not presented by the pleadings or proofs. The question of jurisdiction over the subject-matter, when Congress imposes a prohibition against action in the State courts and makes the status of the defendant a jurisdictional fact, cannot be dispensed with by litigants. In such a case the court may at any stage of the action *ex mero motu* refuse to proceed further and dismiss the action when the lack of jurisdictional facts comes to its attention. (*Robinson* v. *Oceanic Steam Nav. Co. Ltd.*, 112 N. Y. 315.)

The principal facts are sufficiently before the court by the acceptance by the plaintiff of the allegations of the answers in making out his case. Plaintiff could not avail himself of the admission that the *Blue Triangle* was operated by the defendant Export Steamship Corporation as the agent of the defendant United States Shipping Board Emergency Fleet Corporation without also conceding that it was a merchant vessel operated by the United States by its agents.

From the foregoing it appears that the court below dealt with a tort claim involving a merchant vessel of the United States operated for its account through the agency of the United States Shipping Board Emergency Fleet Corporation by the Export Steamship Corporation under a managing operation agreement.

The Supreme Court of the United States on January 6, 1930, in *Johnson* v. *United States Shipping Board Emergency Fleet Corporation* and other cases involving the same jurisdictional question, particularly *United States Shipping Board Emergency Fleet Corporation and Consolidated Navigation Co., Inc.,* v. *Lustgarten,* held (280 U. S. 320) that the remedy given by the United States Suits in Admiralty Act — *i. e.,* a libel *in personam* in the United States District Court on its admiralty side — is exclusive in all tort cases arising out of the possession or operation of merchant vessels by the United States or by any corporation in which the United States or its representatives own the entire outstanding capital stock, acting either directly or through its agents.

We may take judicial notice of the fact of the incorporation of the Fleet Corporation and of the fact that the United States became its sole stockholder. (*United States* v. *Brown,* 247 N. Y. 211, 216.) In addition, it sufficiently appears that " directly or mediately the money required to pay a judgment against [defendants] would come out of the United States." This is the accepted test on the question of jurisdiction as laid down in the *Johnson Case* (*supra*). Against this background we must place this case for observation. Thus viewed, plaintiff shows no right to sue in the State court. The case should be dismissed for lack of jurisdiction.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.