## BRADY v. ROOSEVELT S. S. CO., Inc.
### No. 252.

Circuit Court of Appeals, Second Circuit.
Argued April 15, 1942.

Decided May 16, 1942.

Klein, Kinsley & Klein, of New York City (August P. Klein and Benjamin H. Siff, both of New York City, of counsel), for plaintiff-appellee.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Raymond Parmer and Vernon Sims Jones, both of New York City, of counsel), for Roosevelt S. S. Co., Inc.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellee's intestate, a United States customs inspector, was injured when attempting, in the performance of his duties, to board the S. S. Unicoi on the morning of

July 9, 1938 when that vessel was docked at Pier 58, North River. His injuries, caused by the breaking of one of the rungs in a defective ladder which had been lowered from the ship for his use in coming aboard, were so serious that they caused his death in the Yonkers General Hospital at Yonkers, N. Y., on July 20, 1938. The appellee, his widow, was duly appointed his administratrix.

The S. S. Unicoi was a vessel owned by the United States Maritime Commission which was operated for the Commission by the appellant, the Roosevelt Steamship Company, Inc., under a contract with the Commission. The Roosevelt Steamship Company, Inc., was, and is, a private corporation, none of its stock being owned directly or indirectly by the United States.

The appellee sued the Roosevelt Steamship Company, Inc., in the New York Supreme Court to recover the damages, caused by her husband's death, for the benefit of herself and her children. That suit was removed by the appellant to the District Court for the Southern District of New York and there tried to a jury on the law side of the court after the denial of the appellant's motion to dismiss on the ground that the court had no jurisdiction because the appellee's remedy, if any, was exclusively under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741, 742. The only issue on this appeal is that of jurisdiction so raised and decided below.

 The appellee relies upon our recent decision in Quinn v. Southgate Nelson Corporation, 2 Cir., 121 F.2d 190, to show the liability of the appellant as the operating agent for the tort which caused the death of her husband. That is not enough, however, to make that decision controlling here. The tort in the Quinn case was not maritime. Smith & Son, Inc., v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520. Consequently no suit could have been maintained in admiralty against anyone because of it and our decision was without regard to what effect the Suits in Admiralty Act might have upon proceedings to recover the damages caused by a tort maritime. That is the kind of tort involved in this suit. Vancouver S. S. Co. v. Rice, 288 U.S. 445, 53 S.Ct. 420, 77 L. Ed. 885; The Admiral Peoples, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633; The Shangho, 9 Cir., 88 F.2d 42.

 That being so, the appellee was entitled to sue under the Suits in Admiral-

ty Act. Eastern Transp. Co. v. United States, 272 U.S. 675, 47 S.Ct. 289, 71 L.Ed. 472. Nor can it be doubted that that statute provided the exclusive remedy in admiralty against the Commission or the United States. United States Shipping Board Emergency Fleet Corp. v. Rosenberg, 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531. It has also been settled just as definitely that an action in admiralty is the only available remedy against the United States or a corporation whose stock is wholly owned by the United States. Johnson v. United States Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 120, 74 L.Ed. 451.

Nevertheless the appellee insists that where a private corporation is the contracting operator of a vessel owned by the United States, or by the Maritime Commission which is here to be treated as the United States, that private corporation is suable as it would have been were there no Suits in Admiralty Act to be considered.

██ In taking that position we think the appellee fails to realize the full significance of the decision in the Johnson case, supra. And it may be that this is so because too much regard has been given to the thought that, if the appellee recovers, the judgment will neither be against the government directly or indirectly nor will the United States be compelled to reimburse the agent for the damages it may pay as a result of its own negligence either by the terms of the operating contract or by general principles of law. Restatement of Agency, § 440(a). Granted that this is so, it is not decisive for the Suits in Admiralty Act goes beyond the mere protection of any pecuniary interest of the government. A prime purpose of the statute was to prevent the seizure in ports of the United States of vessels owned by the government or its wholly owned corporations in actions in rem. No distinction was made between seizures from a private operating corporation and from an operating corporation owned by the government. Whenever a suit in admiralty could have been maintained against the ship or the owner, if the ship had been privately owned and operated and it was a merchant ship, the right otherwise to sue was taken away and replaced by the right to sue the United States or its wholly owned corporation in personam but, at the election of the libellant, with all the advantages of a suit both in personam and in rem. The act in terms provides that a vessel shall not be subject to arrest or seizure by judicial process in the

United States if, inter alia, it is operated "by or for the United States or such corporation" and in § 2 the right to sue in personam as above is given. In the Johnson case, supra, it was held that "the remedies given by the act are exclusive in all cases where a libel might be filed under it." In one of the appeals considered in that opinion the United States owned the merchant vessel "Coelleda" which was "operated for it by the Navigation Company as agent pursuant to an agreement made by the United States acting through the Shipping Board represented by the Fleet Corporation." Apparently the Navigation Company was in all material respects in the position of the Roosevelt S. S. Co., Inc., as the agent in this instance. It and the Fleet Corporation were both sued at law by an injured seaman. In holding that the exclusive remedy was under the Suits in Admiralty Act, it was said that, "Putting the United States and the Fleet Corporation on the same footing and providing remedies to be exclusive in admiralty would not serve substantially to establish uniformity, if suits under the Tucker Act [Jud.Code § 24(20), 28 U.S.C.A. § 41(20)] and in the Court of Claims be allowed against the United States, and actions at law in state and federal courts be permitted against the Fleet Corporation or other agents for enforcement of the maritime causes of action covered by the act." We feel precluded from construing "other agents" under the principles of ejusdem generis as other agents whose capital stock is wholly owned by the United States and whose losses would be borne directly or indirectly by the United States by the fact that the operating agent of the "Coelleda" seems to have been just such an agent as was here sued and obviously was included in the phrase "other agents" as used in Johnson v. United States Shipping Board Emergency Fleet Corporation, supra. So, therefore, is this defendant. Compare, Shea v. Export S. S. Corp., 253 N.Y. 17, 170 N.E. 477.

Judgment reversed, with directions to dismiss the complaint.

CLARK, Circuit Judge, dissents with memorandum.

CLARK, Circuit Judge (dissenting).

The Suits in Admiralty Act, 46 U.S.C.A. §§ 741, 742, is quite explicit in setting forth its apparent limits of applicability. By its first section it exempts from seizure or arrest vessels owned by the United States or a corporation with government-owned capital stock, or operated by or for the United States or such corporation. But the second section is carefully limited to the United States or such corporation; in terms it permits a libel in personam against them, which in Johnson v. United States Shipping Board Emergency Fleet Corp., supra, was held to be the exclusive remedy. Because in that case the Court, in dismissing several claims clearly within the affirmative terms of the statute, included one for a seaman's maintenance and cure against the Fleet Corporation and the operator—referred to only summarily as "other agents"—we have our present problem.

Did the Court deliberately plan to take away rights of litigants to sue generally in all cases against operators? In Shea v. Export S. S. Corp., supra, 253 N.Y. at page 22, 170 N.E. at page 479, the court says, however, that the accepted test is whether it sufficiently appears that "directly or mediately, the money required to pay a judgment against [defendants] would come out of the United States." That seems a rational stopping point for statutory emendation; but we pass it here. We are not dealing with operating expenses for which the United States must provide the money under the operating contract, but for wrongdoing— negligence—of the operator. In Quinn v. Southgate Nelson Corp., supra, we held the operator liable for negligence. If, as I believe, government liability is the controlling test, we cannot distinguish the Quinn case, because there the vessel was navigated into a bridge, while here a vessel at rest had a defective ladder to the wharf. Counsel suggested that the government in fact would provide reimbursement to the operator here; but that would seem favor, not right. This holding considerably extends the statute beyond anything yet directed by the court and deprives litigants of rights which, as seemingly here, may be most important. I doubt if we should so take the initiative.