## MARINE v. UNITED STATES.

### No. 2711.

District Court, D. Maryland.

Jan. 2, 1946.

Geo. W. P. Whip and Aurum K. Rifman, both of Baltimore, Md., for plaintiff.

Bernard J. Flynn, U. S. Atty., C. Ross McKenrick, Asst. U. S. Atty., and Ober, Williams & Stinson, all of Baltimore, Md., for defendants.

CHESNUT, District Judge.

In this case Garland C. Marine, a United States Custom Inspector, has filed a libel against the United States to recover for injuries sustained during the course of his official duty (some of which are said to be permanent) in a fall from a defective ladder while leaving the SS Dundas on December 19th, 1944, a vessel berthed in the Baltimore Harbor. The Dundas was a merchant vessel owned or operated by the United States. The case is brought under the Suits in Admiralty Act, Title 46 U.S. C.A. § 742. The Act provides—

"In cases where if such vessel were privately owned or operated, * * * a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States * * * provided that such vessel is employed as a merchant vessel * * *."

The United States has excepted to the libel on the ground that the libellant, Marine, was an employee of the United States and therefore not entitled to maintain the suit but is relegated to any benefits secured to him as such employee under the terms of the United States Employees Compensation Act. 5 U.S.C.A. §§ 751–800.

After study of the applicable statutes and Federal Judicial Decisions, I reach the conclusion that the exception must be overruled. The United States Compensation Act follows the general pattern of Workmen's Compensation Acts, but with the exception, which is important here, that it does not provide the relief therein afforded shall be *exclusive* of other remedies if available. On the contrary some of the particular sections of the Compensation Act indicate quite clearly the contrary. See particularly Section 757 and Section 797, the former as amended July 1, 1944, 58 Stat. 712.

The contention that the Compensation Act is the only remedy available to a libellant or plaintiff has been advanced in a number of cases where suits for personal injuries have been brought by a Federal employee under other particular Acts of Congress. In such cases the sustainability of the suit has depended almost uniformly on the question whether the particular Act afforded a basis for the suit. Otherwise stated the view was taken that the Compensation Act was not an exclusive remedy. But it has also been frequently decided that if the plaintiff or libellant has accepted benefits under the Compensation Act, the suit for damages would thereby be barred.

In this case the suit is based on the Suits in Admiralty Act. It contains no exception making the remedy unavailable to Federal employees who otherwise come within its provisions. The respondent here contends that the exception should be implied because the libellant is a Federal employee, and therefore the Compensation Act is the exclusive remedy. This contention, in my opinion, is not sustainable from the decisions. Brady v. Roosevelt S. S. Co., 317 U. S. 575, 63 S.Ct. 425, 87 L.Ed. 471, while not strictly speaking a precise adjudication on the point, is, from the history of the litigation in the District Court and Circuit Court of Appeals for the 2nd Circuit, 128 F.2d 169, and the Supreme Court, 317 U.S. 609, 63 S.Ct. 54, 87 L.Ed. 495, so near to an expressed decision that I think it

must be regarded as determinative here. In that case a United States Custom House Inspector was killed by a fall from a defective ladder used to board a vessel docked at a pier. At the time he was acting in the course of his official duties. The ship was owned by the United States Maritime Commission and was operated for it by the Roosevelt S.S. Company. His administratrix recovered a judgment against the latter in the District Court, which was reversed on appeal in the Second Circuit on the ground that the suit could only be maintained against the United States under the Suits in Admiralty Act. It will be noted that the facts in that case are almost identical with those in the instant case. In reversing the judgment of the Second Circuit the Supreme Court in an opinion by Mr. Justice Douglas said (page 577, of 317 U.S., 63 S.Ct. 426, 87 L.Ed. 471):

"And we may assume that petitioner could have sued either the United States or the Commission under the Suits in Admiralty Act. In any event, such a suit would be the exclusive remedy in admiralty against either of them. Eastern Transportation Co. v. United States, 272 U.S. 675, 47 S.Ct. 289, 71 L.Ed. 472; United States Shipping Board Emergency Fleet Corp. v. Rosenberg Bros. & Co., 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531. And it is likewise clear that the action in admiralty afforded by § 2 of the Suits in Admiralty Act * * * is the only available remedy against the United States or a corporation whose entire outstanding capital stock is owned by the United States or its representatives. Johnson v. United States Shipping Board Emergency Fleet Corp., supra [280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451]. The sole question here is whether the Suits in Admiralty Act makes private operators such as respondent non-suable for their torts."

And later in the opinion (page 581 of 317 U.S., 63 S.Ct. 428, 87 L.Ed. 471) it was said—

"Moreover, if, as apparently was the case here, the claimant was eligible to receive and did receive compensation under the United States Employees Compensation Act, 39 Stat. 742, 5 U.S.C. § 751, 5 U. S.C.A. § 751, he is barred from suing the United States for the tort. Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696."

Apart from the effect of the Brady case there seems to be no precise adjudication that a Government employee may main-

tain a suit under the Suits in Admiralty Act, but there are cases which either very clearly so imply or are closely analogous thereto. In the George Washington 1929 AMC 885, D.C.S.D.N.Y., it seems the maintainability of such a suit was virtually conceded although the libellant was barred by the prior acceptance of benefits under the Compensation Act. In Matson Navigation Co. v. United States, 284 U.S. 352, 52 S.Ct. 162, 164, 76 L.Ed. 336, it was said in the opinion—

"The language of section 2 * * * is general, embracing suits on maritime causes of action by owners, as well as by third persons injured by the operation for the Government of merchant vessels."

In Panama R. v. Minnix, 5 Cir., 282 F. 47 and Panama R. v. Strobel, 5 Cir., 282 F. 52 it was held that a Government employee might sue the Panama Railroad Company, wholly owned by the United States, should be so elect instead of accepting the benefits of the Compensation Act. Perhaps even more closely in point are cases involving suits by Government employees against the Director General of Railroads arising during the period of the First World War when the Government had taken over and operated the railroads under an Act of Congress which gave the right to sue the Director General. In these latter cases it was held that the Compensation Act was not the exclusive remedy of the plaintiffs. In Payne Director General v. Cohlmeyer, 7 Cir., 275 F. 803, 804, a Deputy Marshal of the United States was allowed to maintain a suit for injuries. The Court saying, "while an employee may elect to take under this Compensation Act, he is not required so to do." And in Dahn v. McAdoo, Director General, D.C.Iowa, 256 F. 549; Hines v. Dahn, 8 Cir., 267 F. 105; Dahn v. Davis, 258 U.S. 421, 42 S. Ct. 320, 66 L.Ed. 696, it was likewise held that a United States railway mail clerk who sustained injuries as a result of alleged negligence on the part of the Illinois Central Railroad could maintain such a suit, although in the particular case his prior acceptance of benefits under the Compensation Act was held a bar.

The only cases that I have found which tend at all to support the respondent's contention here are Dobson v. United States, 2 Cir., 27 F.2d 807; and Bradey v. United States, 2 Cir., 151 F.2d 742, 1945 A.M.C. 1329. The libels in both these cases were based on the Public Vessels Act, 46 U.S. C.A. §§ 781–790. Sec. 781 provides—

"That a libel in personam in admiralty may be brought against the United States * * * for damages caused by a public vessel of the United States."

In a number of earlier decisions (for instance see O'Neal v. United States, D.C., 11 F.2d 869) this Act had been given a narrow construction limiting the right of suit thereunder in effect to cases of damages caused by a public vessel as a physical agency. But in a very recent case of Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 65 S.Ct. 639, the Supreme Court has now held that the statute must be more broadly construed to include also damage resulting from negligence of personnel in the operation of the vessel. In the Dobson case, supra, the Second Circuit held that the administrators of Naval officers of a Government submarine killed as a result of collision on the high seas caused by the unseaworthiness of the vessel were not entitled to maintain a suit under the Public Vessels Act. The decision was put on the ground that to permit the suits would be contrary to the "government's longstanding policy with respect to the personnel of its naval forces * * *. To allow suit by the officers and crew of the public vessel for damage caused by it to them would be too great a reversal of policy to be enacted by such general terms" [27 F.2d 808]. Particular reference was made to Chapter 3 Title 38 of the U.S. Code, 38 U.S.C.A. §§ 151–206, which provides an elaborate compensation system for personal injury and loss of life incurred by officers and enlisted men of the Navy. In the very recent Bradey case the 2d Circuit has adhered to its view in the Dobson case. Counsel for respondent here calls attention to the concluding paragraph of the Opinion by Circuit Judge Learned Hand, which reads [151 F.2d 743]—

"The compensation provided for the Navy is indeed not the same as that provided under the United States Employees Compensation Act * * *; but that makes no difference. We are to assume that each is deemed adequate for the action; particularly since it is certain, it does not depend upon proof of fault. We conclude that Congress regards the two remedies as mutually exclusive; and the decree will be affirmed."

It is argued that this concluding language of the Opinion shows that the Second Cir-

114

cuit considers the Compensation Act the exclusive remedy for injuries sustained by Federal employees arising from the operation of Government ships, and which otherwise might be the basis for suits under the Suits in Admiralty Act. But I do not so interpret the Opinion when read as a whole, especially as that Court had not long before held in the case of Brady v. Roosevelt S.S. Co., supra, 2 Cir., 128 F.2d 169, that the libellant, a Federal Customs Inspector, could maintain suit under the Suits in Admiralty Act, and the Supreme Court, although reversing, "assumed" that view was correct. See also Committee Report 107 accompanying H.R. 133 enacted March 24, 1943 as Public Law 17, 57 Stat. 45, 50 U.S.C.A.Appendix, § 1291, for convenience printed in part in 1943 AMC 606, 607.

The exception to the libel is therefore overruled.