[No. 21868.   Department Two.   March 17, 1930.]

RICHARD HARVEY, *Appellant*, v. ADMIRAL ORIENTAL LINE, *Respondent*.[1]

[1]Reported in 286 Pac. 66.

2

*Winter S. Martin* and *Arthur Collett, Jr.*, for appellant.

*Anthony Savage* and *Jeffrey Heiman*, for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause came on for trial before the court and a jury. After the plaintiff's evidence had been introduced, the defendant challenged the sufficiency thereof and moved for judgment in its favor. This motion was sustained and a judgment entered dismissing the action, from which plaintiff appeals.

The facts are these: The United States was the owner of the steamship ''Cuprum,'' and August 15, 1924, acting through the United States shipping board, represented by the United States shipping board emergency fleet corporation, leased the same to the respondent, the Admiral Oriental Line, a corporation organized under the laws of this state, which corporation thereafter operated the vessel as agent. The appellant was employed as an oiler upon the vessel. December 16, 1926, while in the course of his employment, and while the steamship was upon the high seas, he was injured while passing over logs which had been placed upon the deck in such a manner as to leave holes or openings. He stepped into one of these holes and sustained the injuries for which he seeks recovery.

The controlling question is whether the appellant has the right to maintain an action in the courts of this state, or whether his exclusive remedy is in admiralty in the Federal courts.

In the recent case of *Johnson v. United States Shipping Board Emergency Fleet Corporation,* 50 Sup. Ct. 118, 74 Law Ed. —, there were four cases covered by the opinion. Two of them were against the United States shipping board emergency fleet corporation, one against the United States, and one in which a private corporation which operated the vessel under an agreement similar to that in this case was made a party defendant. It was there held that in each of the cases the remedy in admiralty was exclusive. Construing the suits in admiralty act, it was there said:

"Prior to the passage of the act, merchant vessels of the United States were subject to seizure. Section 9, Shipping Act, September 7, 1916, 39 Stat. 730. *The Lake Monroe,* 250 U. S. 246. And the Fleet Corporation was liable to be sued in state or federal courts on causes of action arising out of the operation of such ships. Cf. *Sloan Shipyards v. U. S. Fleet Corp.,* 258 U. S. 549. The act relieved the United States of the inconvenience resulting from such seizures and gave remedy by libel *in personam* against the United States and such corporations. *Blamberg Bros. v. United States,* 260 U. S. 452, 458. But that is not its only purpose. It authorizes libel *in personam* where there is nothing on which recovery *in rem* could be had. *Eastern Transp. Co. v. United States,* 272 U. S. 675. And it furnishes the exclusive remedy in admiralty against the United States and such corporations on maritime causes of action arising out of the possession and operation of merchant vessels. . . . On the facts above stated it is clear that each of the causes of action arose out of the possession or operation of a merchant vessel by or for the United States. Directly or mediately, the money required to pay a judgment against any of the defendants in these cases would come out of the United States. It is the real party affected in all of these actions. Section 8, Suits in Admiralty Act (46 U. S. C. A., § 748). Cf. *Minnesota v. Hitchcock,* 185 U. S. 373.

"The analysis of the act and the reasons on which rests our decision in *United States Shipping Board Emergency Fleet Corporation v. Rosenberg Bros.,* 276 U. S. 202, apply here. Putting the United States and the Fleet Corporation on the same footing and providing remedies to be exclusive in admiralty would not serve substantially to establish uniformity. if suits under the Tucker Act and in the Court of Claims be allowed against the United States and actions at law in state and Federal courts be permitted against the Fleet Corporation or other agents for enforcement of the maritime causes of action covered by the act. Such a failure of purpose on the part of Congress is not readily to be inferred. We conclude that the remedies given by the act are exclusive in all cases where a libel might be filed under it. As shown above, § 2 authorizes a libel *in personam* against the United States or against the fleet corporation in each of these cases. It follows that on disclosure—whether by pleading or proof—of the facts aforesaid, the District Court should have dismissed each case for lack of jurisdiction."

Since that case was decided, the appellant in the case now before us has filed a supplemental brief, in which he seeks to avoid the effect of the holding there made. It is first said that there is a distinction because the present action was brought against the private corporation solely, and not against the United States or the United States shipping emergency fleet corporation. As pointed out, one of the cases covered in the opinion in that case was against the private corporation operating the vessel, and the court in the opinion does not make any distinction with reference to any of the cases. It says that:

"In each of these cases there is involved the question whether the suits in admiralty act excludes the remedy invoked by plaintiff,"

and concludes by holding that it does.

The facts of the present case do not relieve it from the force of the holding in that case.

█ It is further said, that, since the respondent did not plead want of jurisdiction in its answer, it cannot now raise the question; but this contention is without merit. When the proof showed lack of jurisdiction, it had the right to present the question. In the opinion as above quoted, the last sentence is:

"It follows that on disclosure—whether by pleading or proof—of the facts aforesaid, the district court should have dismissed each case for lack of jurisdiction."

█ There is the further contention that, since the appellant, when he was employed, did not know that the "Cuprum" was owned by the United States and operated by respondent as agent, he had a right to maintain an action in the courts of this state. The appellant was charged with knowledge of the acts of the Federal Congress, and we see no merit in the contention that his lack of knowledge in fact would operate to confer jurisdiction upon the courts of this state, when the Federal supreme court says that the remedy in admiralty is exclusive.

Under the holding in the case above referred to, the appellant could not maintain this action in the courts of this state when such jurisdiction was challenged.

The judgment will be affirmed.

MILLARD, PARKER, TOLMAN, and FRENCH, JJ., concur.