FILED
COURT OF APPEALS
DIVISION II

2013 APR 30 AM 8: 38

STATE OF WASHINGTON

BY_____
                DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43007-0-II |
| Respondent, | |
| v. | |
| MICHAEL RENEE WEST, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, P.J. — Michael Renee West appeals his bench trial conviction for failure to register as a sex offender under RCW 9A.44.130. He argues that the evidence was insufficient to support his conviction, focusing on the trial court's omission of findings of fact that he failed to register on specific dates. We affirm.

## FACTS

In 1995, Michael Renee West was convicted of crimes that required him to register as a sex offender. After serving time for violation of a term of community supervision related to a 2009 failure to register conviction, he was released from custody on August 22, 2011. But he failed to register his residence or whereabouts with the Pierce County Sheriff's Department. On September 2, the State charged him with failing to register as a sex offender.

West waived his jury trial right. The custodian of sex offender registration records for the Pierce County Sheriff's Department, Andrea Shaw, testified that (1) West was a convicted sex offender who had a duty to register with the sheriff's department within three business days

of his August 22 release from custody; (2) nothing in the Department's records showed that West had contacted the Sheriff's Department for any purpose (including address registration) after his August 22 release from custody *or* during the charged period from August 25 to September 2, 2011.[1] West did not present evidence to the contrary.

The trial court found West guilty as charged. The trial court entered the following pertinent findings of fact: West (1) "had a duty to register as a sex offender"; (2) was "aware of his ongoing duty to register" "within three business days of release from confinement"; (3) was released from custody on August 22, 2011; and (3) "did not return to the Pierce County Sheriff's Department to register an address." Clerk's Papers (CP) at 12-13 (Findings of Fact 3, 6, and 9). The trial court also entered the following conclusion of law:

> [O]n or about the period of August 25, 2011 through September 2, 2011 defendant failed to comply with the statutory notification and registration requirements[2] by failing to register with the Pierce County Sheriff's Department upon his release from incarceration on August 22, 2011.

---

[1] The following exchange occurred:
> [STATE]: When you conducted your diligent review of the defendant's sex offender registration file, were you able to determine if the defendant had registered with the Sheriff's Department between the period of August 25th of 2011 and September 2nd of 2011?
> [SHAW]: No, he had not.
> [STATE]: Was there any indication in your file that the defendant had attempted to register to notify the Sheriff's Department of his whereabouts during August 25th through September 2nd, 2011?
> [SHAW]: No.

Verbatim Report of Proceedings at 56.

[2] RCW 9A.44.130(3)(a)(i) provides, in part:
> The offender must . . . register within three business days from the time of release with the county sheriff for the county of the person's residence, or if the person is not a resident of Washington, the county of the person's school, or place of employment or vocation. The agency that has jurisdiction over the offender shall provide notice to the offender of the duty to register.

2

CP at 14 (Conclusion of Law (CL) 4). The trial court found West guilty as charged. He appeals.[3]

## ANALYSIS

West argues that sufficient evidence does not support the trial court's finding that he failed to register as a sex offender between August 22 and 25, 2011. He asserts that (1) the relevant charging period for the crime was between August 22 and August 25, 2011, the three-day time period in which he was required to register but did not register; and (2) the State did not present any evidence that he failed to register between August 22 and August 25. The State responds that, regardless "of the charging period in the information, the State was required to prove that [West] failed to register by August 25, 2011," which it did. Br. of Resp't at 18. We agree with the State.

The relevant charging period for failure to register as a sex offender under RCW 9A.44.130(3)(a)(i) began three days after his release from custody and continued through his ongoing failure to register. RCW 9A.44.130(3)(a)(i); *State v. Green*, 156 Wn. App. 96, 230 P.3d 654 (2010) (failure to register is ongoing course of conduct); *State v. Durrett*, 150 Wn. App. 402, 208 P.3d 1174 (2009) (ongoing failure to register constitutes single offense). Thus, the relevant charging period for West's failure to register began August 25 and continued through the entire period he failed to register—September 2, 2011, and beyond. The charging period here began on August 25 and, thus, complied with the statutory requirement.

West is correct that the trial court did not expressly enter any finding of fact about his failure to register between August 22 and 25, 2011. The trial court did, however, enter

---

[3] Our court commissioner initially considered West's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

Conclusion of Law 4 finding that West "fail[ed] to register with the Pierce County Sheriff's Department upon his release from incarceration on August 22, 2011." CP at 14 (CL 4). We treat a statement of fact contained within a trial court's conclusions of law as a finding of fact and look to the record to see whether substantial evidence supports this mischaracterized finding of fact. *State v. Marcum*, 24 Wn. App. 441, 445, 601 P.2d 975 (1979).

On appeal, we view the evidence in the light most favorable to the State. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Applying this standard here, we hold that the sheriff's sex offender records custodian's testimony supports the trial court's finding that West did not register at all with the sheriff's office after his release from incarceration on August 22. This finding that West failed to register *at anytime* after his August 22 release includes the charged period between August 25 and September 2, during which the uncontroverted evidence specifically shows that he failed to register.

We further hold that the trial court's findings of fact, in turn, support the trial court's conclusions of law that West failed to comply with the statutory requirements that he notify and register with the Pierce County Sheriff's Department within three days of his release from

No. 43007-0-II

incarceration on August 22, 2011, and, therefore, that he was guilty as charged. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, P.J.

We concur:

Quinn-Brintnall, J.

Bjorgen, J.